CHARLES H. PRINDLE, as Administrator, etc., of SARAH L. PRINDLE, and MARJORIE PRINDLE, Appellants, v. ROCKLAND TRANSIT CORPORATION, Respondent.— Appeal by two judgment creditors from an order which granted a motion of their judgment debtor to vacate a subpoena for the examination of the debtor in supplementary proceedings and granted the debtor a setoff. Order affirmed, with ten dollars costs and disbursements. As the result of a collision between an automobile of the creditors and a bus of the debtor, the creditors have a judgment of $120.48 against the debtor for costs, and the debtor has two judgments, aggregating $219.06, against the creditors for costs, showing a balance of $98.58 in favor of the debtor. The creditors' insurance company, having spent $376.35 in defending successfully an action against the creditors by the debtor,

instituted supplementary proceedings against the debtor under a so-called subrogation clause in its policy and as " equitable assignee," and asserts that the debtor has no right to set off its judgment for costs against the lesser judgment of the creditors for costs. The subrogation clause in the policy in terms applies only where the insurer has made a payment under the policy because of the negligence or wrong of a third person, in which event the insurer is subrogated to the rights of the insured against such third person. That is not the situation here. These creditors have no claim against the debtor to which the insurer can succeed by subrogation or by " equitable assignment," since the creditors were defeated in two actions against the debtor, in which the latter's judgments for costs were entered. As between the creditors and the debtor, this is merely a case of mutual debts, and in such a case only the balance is owing. (*Gerseta Corporation* v. *Equitable Trust Co.*, 241 N. Y. 418, 424; *Bathgate* v. *Haskin*, 59 id. 533, 538; *Matter of Hatch*, 155 id. 401, 405; *Carr* v. *Hamilton*, 129 U. S. 252, 255, 256.) The balance here is in favor of the debtor. Lazansky, P. J., Hagarty, Carswell, Taylor and Close, JJ., concur.