ISABELLE C. DE LA BOUILLERIE, Appellant, *v.* ANNE M. C. DE VIENNE et al., Respondents, et al., Defendants.

Argued October 12, 1949; decided November 23, 1949.

*Barbara Estelle Barb* for appellant. I. The dismissal of the complaint for lack of jurisdiction after submission of an affidavit before final adjudication setting forth newly discovered documentary evidence, which if credited, established jurisdiction in the court, deprived plaintiff-appellant of her day in court, and was an abuse of discretion as a matter of law. (*Porter* v. *Russell,* 271 App. Div. 542, 296 N. Y. 985; *Charles* v. *Scheibel,* 128 Misc. 275; *Oka* v. *United States Fidelity & Guar. Co.,* 213 App. Div. 746; *Mevius* v. *Tiffin Products,* 198 App. Div. 812.) II. Special Term, in refusing to take jurisdiction of this action and dismissing the complaint, erred as a matter of law because there was no proof that both plaintiff and the defendants de Vienne were nonresidents of the State when the action was commenced. (*Murnan* v. *Wabash Ry. Co.,* 246 N. Y. 244; *Gregonis* v. *Philadelphia & Reading Coal & Iron Co.,* 235 N. Y. 152; *Douglas* v. *New York, N. H. & H. R. R. Co.,* 248 N. Y. 580; *Matter of Cornell,* 267 N. Y. 456; *Pietraroia* v. *New Jersey & H. R. R. & F. Co.,* 197 N. Y. 434.)

*Alfred C. Bennett* for respondents. The order and judgment of Special Term as unanimously affirmed by the Appellate Division were in all respects proper. (*Matter of Case,* 214 N. Y. 199; *Gregonis* v. *Philadelphia & Reading Coal & Iron Co.,* 235 N. Y. 152; *Pietraroia* v. *New Jersey & H. R. R. & F. Co.,* 197 N. Y. 434; *Hoes* v. *New York, N. H. & H. R. R. Co.,* 173 N. Y. 435; *Rothstein* v. *Rothstein,* 272 App. Div. 26, 297 N. Y. 705; *Robinson* v. *Oceanic Steam Nav. Co.,* 112 N. Y. 315; *De Sairigne* v. *Gould,* 83 F. Supp. 270.)

LOUGHRAN, Ch. J. This action was brought in the Supreme Court, New York County. The complaint declares the defend-

ants to be residents of this State and charges them (1) with having caused the plaintiff to be falsely imprisoned in France and (2) with there conspiring to defraud her of an interest in the estate of her parents, who died in that country.

After appearing generally, the defendants moved under rule 107 of the Rules of Civil Practice for an order dismissing the complaint upon the ground that the court " in its discretion should not take jurisdiction of this action, but should remit the plaintiff to her proper forum ". Through an opposing affidavit, the plaintiff claimed a temporary residence in New York City and asserted a determination to reside there permanently.

The question as to the plaintiff's residence was assigned to an Official Referee who rejected her declaration of an intent to reside in this State. The defendants then moved for confirmation of the Referee's report and for dismissal of the complaint. In opposition to that motion, the plaintiff submitted an affidavit of her attorney which made these allegations: The defendants were continually in the United States from June, 1946, to November, 1946; they now have their first citizenship papers; one of them holds a license from the Treasury of the United States whereby her funds in this country are decontrolled; the process herein was served upon them in this State. Notwithstanding that showing, Special Term confirmed the report of the referee and dismissed the complaint. The Appellate Division affirmed. We granted to the plaintiff leave to appeal to this court.

Our courts are bound to try an action for a foreign tort when either the plaintiff or the defendant is a resident of this State. (*Crashley* v. *Press Pub. Co.,* 179 N. Y. 27, 32.) It is only when an action is brought by one nonresident against another for a tort committed outside the State that our courts may refuse to take cognizance of the controversy. (*Wedemann* v. *United States Trust Co.,* 258 N. Y. 315, 317; *Murnan* v. *Wabash Ry. Co.,* 246 N. Y. 244, 247; *Gregonis* v. *Philadelphia & Reading Coal & Iron Co.,* 235 N. Y. 152, 160.) Hence there was here error of law when Special Term dismissed the complaint without consideration of the question whether at the commencement of this action the defendants were residents of this State (Rules Civ. Prac., rule 108; N. Y. Const., art. I, § 2; *Herzog* v. *Brown,* 217 App. Div. 402, affd. 243 N. Y. 599; *Hannes* v. *Kingdom of Roumania Monopolies Inst.,* 260 App. Div. 189, 191–192).

The judgments should be reversed, with costs in all courts, and the matter remitted to Special Term for further proceedings not inconsistent with this opinion.

Lewis, Conway, Desmond, Dye, Fuld and Bromley, JJ., concur.

Judgments reversed, etc. [See 300 N. Y. 644.]