MARY A. TAYLOR, as Administratrix of the Estate of FRANK E. TAYLOR, Deceased, Respondent, v. INTERSTATE MOTOR FREIGHT SYSTEM, Appellant.— Order reversed on the law and as a matter of discretion, without costs of this appeal to either party, and motion granted, without costs. Memorandum: The defendant moved at Special Term to vacate the service of the summons and complaint and to dismiss the action on the ground that the cause of action accrued without the State of New York and by reason of nonresidence of the parties. The action is to recover for wrongful death and conscious pain and suffering of the plaintiff's intestate. The highway accident alleged to have caused decedent's death occurred in the State of Ohio. The intestate was a resident of the State of Pennsylvania and the plaintiff was appointed administratrix of his estate by a Surrogate's Court in the State of Pennsylvania. The defendant is a foreign corporation with its office and principal place of business in Grand Rapids, Michigan. The Special Term denied the motion, as a matter of discretion by reason of " special circumstances ". Whether the courts will take jurisdiction of cases involving nonresidents is a matter of discretion and of comity. We think the Special Term exceeded its discretionary power in this case. Neither party is a resident of this State and the accident did not happen in this State. The policy in such cases is well settled. (*de la Bouillerie* v. *de Vienne*, 300 N. Y. 60 and authorities there cited.) Such policy is set forth in *Gregonis* v. *Philadelphia & Reading Coal & Iron Co.* (235 N. Y. 152, 160) as follows: " by a long line of authorities the courts have repeatedly refused in their discretion to entertain jurisdiction over causes of action arising out of a tort committed in a foreign state, where both the plaintiff and the defendant were *non-residents* [citing cases]. The reason for this exception is stated in the cases, and the rule has been too firmly imbedded in our jurisprudence to justify modification without legislative action." All concur. (Appeal from an order of Erie Special Term, denying a motion by defendant to vacate service of summons and complaint.) Present — Vaughan, J. P., Kimball, Piper. Wheeler and Van Duser, JJ.

∎

In the Matter of HERBERT LALLIER, by WENDELL LALLIER, His Guardian ad Litem, Petitioner, against JAMES R. MACDUFF, as Commissioner of Motor Vehicles, Respondent.— Determination confirmed, without costs. All concur. (Review of the action of the Commissioner of Motor Vehicles in revoking petitioner's junior operator's license, which proceeding was transferred to the Appellate Division for determination by order of Oneida Special Term.) Present — Vaughan, J. P., Kimball, Piper, Wheeler and Van Duser, JJ.