CARLOS HERNANDEZ, Appellant-Respondent, *v.* CALI, INC., et al., Respondents-Appellants.

First Department, June 17, 1969.

*Alan C. Rassner* of counsel (*Shafter & Shafter* and *Jacob Rassner*, attorneys), for appellant-respondent.

*Robert J. Giuffra* of counsel (*Dougherty, Ryan, Mahoney, Pellegrino & Giuffra*, attorneys), for respondents-appellants.

STEVENS, P. J. Plaintiff, a citizen of the Republic of Colombia, on June 27, 1965, in Barranguilla, Colombia, signed on as a carpenter aboard the *M. S. Cali*, a ship registered under and pursuant to the laws of the Republic of Panama and which flew the Panamanian flag. Plaintiff signed off the vessel at Buenaventure, Colombia on April 11, 1967.

Included in the articles signed by plaintiff at the time of his employment were the following:

" 13. It is specifically agreed and understood that the rights and obligations of persons signing these articles, while on board the ship or in its service or in respect of any damages, injuries, illness or death occurring while under these articles shall be governed and determined exclusively by the Laws of the Republic of Panama as set forth in the Code of Commerce, the Worker's Code, and other Laws of the said Republic applicable thereto, regardless of where these articles are entered into and regardless of where the events giving rise to such rights or obligations may occur."

" 15. Any disputes arising between the Master or owner and members of the crew of the vessel regarding their agreements, wages, working conditions, or the rights and obligations of the parties, shall be submitted to and settled by the proper competent authorities of the Republic of Panama exclusively, whose decision shall be binding on the parties."

On November 28, 1966, plaintiff sustained certain injuries aboard the vessel while the vessel was docking in New York harbor. Thereafter plaintiff commenced this action, seeking recovery of damages. The amended complaint contains six causes of action. In the first cause plaintiff seeks recovery under the Jones Act (U. S. Code, tit. 46, § 688). In the second, recov-

ery is sought under the general maritime law of the Republic of Panama, which plaintiff asserts is similar to that of the United States. In the third, fifth and sixth causes plaintiff seeks recovery under workmen's compensation and/or the Commercial Code of the Republic of Panama, and in the fourth cause under the general maritime law of the United States and all maritime nations.

Defendants, prior to answer, moved to dismiss the complaint for legal insufficiency (CPLR 3211, subd. [a], par. 7) and *forum non conveniens* (CPLR 3211, subd. [a], par. 2). Defendants asserted that individuals having personal knowledge of the occurrence are either residents of the Republic of Colombia or of the Republic of Panama; that all defendants who have appeared herein stipulate to appear in the courts of the Republic of Panama, to refrain from challenging plaintiff's capacity to sue or to plead the Statute of Limitations, and to furnish adequate security for the payment of any judgment. Defendants urge the provision in the articles with respect to jurisdiction warrants dismissal. Special Term granted the motion as to *forum non conveniens* and denied it with respect to legal insufficiency. Both parties appeal therefrom.

Plaintiff urges that since the accident occurred in the State of New York the court had no power to dismiss on the basis of *forum non conveniens,* and even if it could it should not have done so; further, that the provision in the shipping articles that disputes, etc., be determined exclusively by the laws of Panama, is unenforceable.

From the record it appears that the legal and the beneficial owners of the vessel are residents and citizens of the Republic of Panama. It is so asserted and not controverted. As noted, the defendants who have appeared stipulate to appear in the courts of Panama. Plaintiff therefore would not be without remedy should the New York courts decline jurisdiction.

We have to decide whether the New York courts may decline jurisdiction where the maritime tort, upon which the complaint is founded, occurred within New York's territorial waters, and where the nonresident parties have agreed foreign law shall apply and the courts of a named foreign country shall have exclusive jurisdiction. Or, assuming there is discretion, did Special Term properly exercise its discretion?

In *De La Bouillerie* v. *De Vienne* (300 N. Y. 60, 62) the general principle is stated as follows: " our courts are bound to try an action for a foreign tort when either the plaintiff or the defendant is a resident of this State. [Citation omitted] It is only when an action is brought by one nonresident against

another for a tort committed outside the State that our courts may refuse to take cognizance of the controversy ''. In *De La Bouillerie* the action was to recover damages for the foreign nonmaritime tort of false imprisonment and, additionally, conspiracy to defraud was alleged. (Cf. *Ginsburg* v. *Hearst Pub.*, 5 A D 2d 200, affd. 5 N Y 2d 894.) Strict adherence to that rule would seem to require that the question earlier posed be answered in the negative. Because it is felt further exploration of the subject is warranted under the factual circumstances here presented, we do not so now conclude.

In determining whether *forum non conveniens* should apply '' important considerations are the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive. There may also be questions as to the enforcibility of a judgment if one is obtained. * * * Factors of public interest also have place in applying the doctrine. Administrative difficulties follow for courts when litigation is piled up in congested centers instead of being handled at its origin.'' (*Gulf Oil Corp.* v. *Gilbert,* 330 U. S. 501, 508.)

Tested by the foregoing, no good reason appears why this case should not be tried in the Republic of Panama. Additionally, that would be a forum where all parties would have some measure of familiarity with the law which must govern the case. When it does not appear that plaintiff would be denied a fair trial there is little reason to add the case to our already overburdened courts.

'' Moreover, try as we may to apply the foreign law as it comes to us through the lips of the experts, there is an inevitable hazard that, in those areas, perhaps interstitial but far from inconsequential, where we have no clear guides, our labors, moulded by our own habits of mind as they necessarily must be, may produce a result whose conformity with that of the foreign court may be greater in theory than it is in fact.'' (*Conte* v. *Flota Mercante Del Estado,* 277 F. 2d 664, 667, FRIENDLY, C. J.) (See, also, Bickel, Forum Non Conveniens in Admiralty, 35 Cornell L. Q. 12, 26–27 [1949].)

Two other facts may be noted. Defendants were not dilatory but moved promptly against the complaint and the amended complaint. When plaintiff signed the articles apparently he agreed voluntarily to the terms whereby jurisdiction would be in Panama. Certainly there is no evidence to the contrary. The

reasonable inference is that the provision for exclusive jurisdiction under Panamanian law was for the convenience of all parties. There is no question but that the New York courts have jurisdiction even though the principles and rules of substantive maritime law are to be applied as grounds, if any, for recovery (*Riley* v. *Agwilines, Inc.*, 296 N. Y. 402). Since such principles must be so applied, we could well apply standards comparable to that of the Federal courts in determining the applicability of the doctrine of *forum non conveniens* in this maritime tort case. Especially is this true where, as here, Panamanian law affords adequate remedies (cf. *Rodriguez* v. *Gerontas Compania De Navegacion*, 150 F. Supp. 715).

Plaintiff in his first cause of action seeks damages under the Jones Act. It has been held that a suit " to recover damages under the Jones Act is *in personam* against the ship's owner and not *in rem* against the ship itself " (*Lauritzen* v. *Larsen*, 345 U. S. 571, 574). Since there is objection here by the owners who, from the record, are citizens of Panama, in the balancing of conveniences plaintiff should be held to the terms of the agreement set forth in the articles.

Plaintiff received medical treatment here and in Colombia and signed off in Colombia. His presence here is apparently for purposes of suit only for he was not stranded in the United States. Under the facts and circumstances of this case I would hold there was discretionary power in Special Term which it did not abuse by its decision.

The order appealed from should be affirmed, with costs.

NUNEZ, J. (dissenting). I dissent and vote to reverse the order appealed from and to deny the motion to dismiss the complaint.

This is a seaman's action brought to recover damages for personal injuries sustained on board the defendants' vessel while moored to a dock in Brooklyn, New York. The shipowner is a Panamanian corporation doing business in New York through its agent, a codefendant; the other defendant is a New York corporation. The injured seaman is a citizen of and signed the shipping articles in Colombia, South America. The court below dismissed the complaint on the basis of *forum non conveniens*. Plaintiff was injured in the State of New York, and hospitalized here for several months. The law on the subject has been clearly stated by our Court of Appeals in *De La Bouillerie* v. *De Vienne* (300 N. Y. 60, 62): " It is only when an action is brought by one nonresident against another *for a tort committed outside the State that our courts may refuse*

to take cognizance of the controversy." (Citing cases; emphasis supplied.)

The rule was restated in the case of *Serralles* v. *Viader* (149 N. Y. S. 2d 175, 177–178, affd. 285 App Div 947 [1st Dept., 1955]) as follows: "Even assuming that all parties are citizens of Puerto Rico, the courts of this state have no discretion to refuse jurisdiction of a cause which arose within the state. Jurisdiction may be refused in an action between nonresidents in the one instance only where the action is brought for a tort committed outside the state. *De La Bouillerie* v. *De Vienne*, 300 N. Y. 60, 89 N. E. 2d 15."

Our own court restated the rule in clear language in *Creegan* v. *Sczykno* (24 A D 2d 756).

The accident occurred in New York, the medical witnesses are in New York, the fact witnesses either reside in New York or are members of the crew of the vessel which comes to New York frequently. There are more substantial contacts with New York than any other forum. Relegating appellant to the courts in Panama, whose only contact is that the ship upon which the accident happened was flying the Panamanian flag, would be contrary to the interests of substantial justice.

TILZER, MARKEWICH and STEUER, JJ., concur with STEVENS, P. J.; NUNEZ, J., dissents in opinion.

Order entered on September 5, 1968, affirmed, with $50 costs and disbursements to defendants-respondents-appellants.