■ LOIS J. PHARO, as Executrix of HARRY G. PHARO, Deceased, Respondent, v. PIEDMONT AVIATION, INC., et al., Appellants, et al., Defendant.— Order entered May 2, 1969, denying motion of defendants-appellants and defendant to dismiss the complaint by reason of *forum non conveniens,* reversed, on the facts and the law and in the exercise of discretion, without costs and without disbursements, and the motion granted. Plaintiff-respondent's decedent, a resident of Ohio, met his death in West Virginia in the crash of a plane manufactured by defendant-appellant Fairchild, instrumented by defendant Kollsman, and operated by defendant-appellant Piedmont. The flight path approached nowhere near New York. Though all three defendants do some business in this State, only Kollsman is a New York corporation; Piedmont is a North Carolina corporation, and Fairchild a Maryland corporation, and all three defendants have agreed to be amenable to suit in West Virginia. The sole tenable basis for retention of jurisdiction here is Kollsman's residence, plaintiff's choice of forum having been impelled, no doubt, by the hope that, by possible application of the doctrine expressed in *Kilberg* v. *Northeast Airlines* (9 N Y 2d 34), the $100,000 West Virginia limitation in wrongful death actions could be obviated. There is, at the least, grave doubt whether this might be so. The short answer to plaintiff's contentions is that New York apparently has little if any interest in or relationship to the issues here involved. (See discussion in *Miller* v. *Miller,* 22 N Y 2d 12.) Moreover, other factors militate against retention of the action here. Two suits involving the same facts are pending in West Virginia and a number of important disinterested witnesses reside there. The documents to be offered in evidence will be as available in West Virginia as in New York. Further, it is claimed by defendants that the United States is an essential party to the suit and that a claim over by defendants will be pursued; such a claim against the government "may be prosecuted only in the judicial district where the plaintiff resides [Ohio] or wherein the act or omission complained of occurred [West Virginia]." (U. S. Code, tit. 28, § 1402, subd. [b].) Thus it appears that, far from contributing to a multiplicity of suits, the disposition sought by defendants will bring about consolidation and simplification of procedure. Plaintiff should, however, not be disadvantaged by this disposition to the extent that the product of disclosure procedures already had in this action may be wasted, and it is accordingly a condition of dismissal of the complaint that such be available for use by either side in the usual way in any new action in the premises, wherever it may be commenced by plaintiff. Concur — Stevens, P. J., Eager and Markewich, JJ.; Capozzoli, J., dissents in the following memorandum: Plaintiff, as was her deceased husband, is a resident of Ohio. Defendant, Fairchild, is a Maryland corporation and the defendant, Piedmont, is a North

Carolina corporation, both doing business in New York. The defendant, Kollsman, is a New York corporation. The suit is brought against all of these defendants on the theory that they are jointly and severally liable. Specifically, Piedmont is charged with negligence in the operation, maintenance and control of the aircraft; defendant, Fairchild, is charged with negligently designing, manufacturing and assembling same and defendant, Kollsman, is charged with negligently designing, manufacturing, assembling and selling various aircraft instruments, among them the altimeter, and other component parts of the aircraft involved in this suit. The facts are so interrelated that it may be difficult to sever the issue of the liability of the carrier from the issue of faulty manufacture of vital parts of the aircraft and the aircraft itself. As was stated by the court in *Klein* v. *Piedmont Aviation,* a decision of Mr. Justice STREIT (N. Y. L. J. Feb. 27, 1970, p. 18 col. 7) a case arising from this same accident: " Each defendant by reason of its specific sphere of responsibility with respect to the safety of the subject flight is indispensable in reconstructing the ' jigsaw ' conditions and circumstances preceding the crash. In a complex action of this kind, it is vital to have all defendants present, so that all the facts and all the issues properly can be presented in one forum. Proof of the issue of manufacturer's liability may be inseparably connected with proof on the issue of faulty operation and maintenance." It is established that Kollsman is a New York resident and it did not join in the motion to dismiss. As the court below indicated, our courts are bound to accept actions for a foreign tort where either plaintiff or defendant is a resident of this State. (*de la Bouillerie* v. *de Vienne,* 300 N. Y. 60.) It has been held that the unavailability elsewhere of a forum in which the plaintiff may obtain *effective* redress, and the extent to which plaintiff's interests may otherwise be properly served by pursuing its claim in this State, are pertinent factors to be considered and weighed in applying the doctrine of *forum non conveniens.* (*Varkonyi* v. *Varig,* 22 N Y 2d 333.) The claim by the defendants that they would be inconvenienced by the suit remaining in our State must be considered in the light of the fact that one of the defendants is a resident here and, further, all the defendants transact business here. I am not unmindful of the fact that all three defendants have agreed to be amenable to suit in West Virginia. In fact, the defendant, Piedmont, has agreed to admit liability if the suit is brought in West Virginia. But these circumstances should not enter in determining whether we should retain jurisdiction. The West Virginia death statute limits the amount of damages that may be recovered in an action of this kind. In my opinion, this is the true reason for the desire of the defendants to have a suit started in West Virginia. In view of the fact that defendant, Kollsman, is a New York corporation and the other two defendants are doing extensive business in New York, it must be conceded that the plaintiff met the necessary jurisdictional requirements in the first instance. We should refuse to assist the defendants in shopping for a forum which they deem more advantageous. We should be guided by the general rule that " the countervailing considerations as to appropriateness, or not, of our forum, must be examined in each case, and, ' *unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed*' (*Gulf Oil Corp.* v. *Gilbert, supra,* [330 U. S. 501], p. 508) ". (*Bata* v. *Bata,* 304 N. Y. 51, 56.) (Emphasis supplied.) On the facts in this case one cannot fairly say that the balance is so strongly in favor of the defendants as to justify a reversal of the determination below. I therefore dissent and vote to affirm. Settle order on notice.