FLORENCE PARENTE, Respondent, *v.* CHARLES KISNER, Doing Business as KISNER'S ATLANTIC STATION, Defendant, and SCHRIER-HAVENS OIL CO., INC., Appellant.

Third Department, June 2, 1970.

*Samuel J. Castellino* for appellant.

*Alan J. Friedlander* for respondent.

*Night, Keller & O'Connor* for defendant.

HERLIHY, P. J. This is an appeal by the defendant, Schrier-Havens Oil Co., Inc., from an order of the Supreme Court at Special Term, entered December 11, 1969 in Tioga County, which denied its motion for judgment dismissing the complaint.

The plaintiff was allegedly injured by a negligent act or negligent condition in the State of Pennsylvania while on premises managed and leased by the defendant, Kisner, and

owned by appellant. Appellant moved to dismiss the complaint upon the ground of *forum non conveniens* and upon the ground of ineffective service of the summons on its corporate officer.

As to *forum non conveniens*, it appears that the appellant is a resident of Pennsylvania and the defendant Kisner is a New York State resident. In addition it appears from the record that the plaintiff's complaint alleged upon information and belief that she was a resident " of the County of Tioga, State of New York " and in her affidavit in opposition to appellant's motion alleged a residence in Pennsylvania and a residence at her daughter's house in New York State. The appellant in its reply affidavit to plaintiff's affidavit emphasized plaintiff's Pennsylvania residence, but did not dispute the New York residence. A person may be a resident, for family purposes, of several States at the same time. (See *Burk* v. *Sackville-Pickard*, 29 A D 2d 515.) " It is only when an action is brought by one nonresident against another [nonresident] for a tort committed outside the State that our courts may refuse to take cognizance of the controversy " (*de la Bouillerie* v. *de Vienne*, 300 N. Y. 60, 62). The issue of residence does not depend upon the domicile of the parties and, in any event, the affidavits do not establish that plaintiff was a Pennsylvania domiciliary or raise such an issue. The alleged New York State residence of the plaintiff being undisputed, the doctrine of *forum non conveniens* is inapplicable (*de la Bouillerie* v. *de Vienne, supra*; *Burk* v. *Sackville-Pickard, supra*).

The appellant contends that the service of the summons was ineffective. Its vice-president submitted an affidavit in support of the motion to dismiss the complaint wherein he alleged that the appellant is a Pennsylvania corporation; that on or about August 12 or 13, 1969 he received a telephone call asking him to stop in the office of plaintiff's attorney in New York State; that on August 14, 1969 he did stop in the office and " whereupon he was served with a Summons "; and that he " was not apprised of the nature or significance of this Summons until after he had in fact been served ".

Assuming that this affidavit is sufficient to infer that he was brought into New York State under false pretenses for the purpose of being served, it must be noted that he only states he did not know of the purpose of his visit until *after* he had been served. The plaintiff submitted the affidavit of Linda Stapleton wherein she alleged that she was present when the appellant's officer was served; that prior to service by plaintiff's attorney the officer was advised that he did not have to accept the summons if he did not wish to do so; that after

plaintiff's attorney handed the summons to the officer it was then decided that it would be simpler if the affiant was the process server; that the officer then handed her the summons; and that she then handed the summons back to the officer.

The appellant made no reply to the affidavit of Linda Stapleton and under the circumstances it appears that after having been advised that he could refuse the same, its officer nevertheless retained the summons. In any event, Linda Stapleton alleged in her affidavit that of her own knowledge the defendant owns a gasoline station in New York State and does business in New York State. The appellant did not deny this and it appears that personal service could have been made either in Pennsylvania or New York State (CPLR 302, 313). Thus, it is apparent that any enticing of the officer into New York State for purposes of service did not result in obtaining jurisdiction over the appellant by fraud, but at most would be only for the purpose of effecting service.

There is ample evidence to sustain the factual finding in favor of plaintiff.

The order should be affirmed, with costs to respondent.

REYNOLDS, STALEY, JR., GREENBLOTT and COOKE, JJ., concur.

Order affirmed, with costs to respondent.