Alexander W. Kramer, J.
This is a motion to transfer the action to the Nassau County District Court. Defendant had previously moved to dismiss the complaint for lack of jurisdiction. Subsequently, a stipulation was entered into between the parties consenting to the transfer of the case to Nassau County. Plaintiff then wrote to the court requesting that defendants’ original motion to dismiss be withdrawn.
The court does not find any authority for it to transfer this action to Nassau County. Article VI (§19, subd. i) of the New York State Constitution reads as follows: “As may be provided by law, the district court or a town, village or city court outside the city of New York may transfer any action or proceeding, other than one which has previously been transferred to it, to any court, other than the county court or the surrogate ’ s court or the family court or the supreme court, having jurisdiction of the subject matter in the same or an adjoining county provided that such other court has jurisdiction over the classes of persons named as parties.”
The power to transfer which is authorized by the Constitution is limited by the phrase, ‘ ‘ As may be provided by law ’ ’. If the District Court is to have the power to transfer its cases to an adjoining county, there must be a statute specifically granting that power. Neither the Uniform District Court Act, nor the Civil Practice Law and Rules contains any provision specifically and unequivocally granting the power to transfer to this court. Therefore, although the Constitution says that the District *440 Court may have the power to transfer, the Legislature has not as yet seen fit to enact a statute which specifically grants it that power.
The motion to transfer is denied without prejudice to the parties’ proceeding in any manner as they may be advised.