Rockwell D. Colaneri, J.
Plaintiffs, who reside in Nassau County, were injured as the result of an automobile accident which occurred in Nassau County. Plaintiffs sued the defendant corporation, who owned the automobile, by service at its place of business in Nassau County, and also .sued the driver of the car by personal service in Nassau County. The action, however, was commenced in this court.
Defendants submit a demand for change of place of trial from the County of Suffolk to the County of Nassau (CPLR 511, subds. [a], [b]) upon the ground that the county designated is not a proper county in that all the parties reside in Nassau County and the place of the accident is in Nassau County. Plaintiffs submit an affidavit in opposition stating that the *317 individual defendant resides in Suffolk County and the defendant does not dispute this statement.
Article VI (§ 19, subd. i) of the New York Constitution provides that, as may be provided by law, the District Court may transfer an action to another District Court. Neither Uniform District Court Act, the CPLB, nor any other statute contains a provision specifically granting the District Court the power to transfer an action to a court in an adjoining county, and lacking this specific authority, this court cannot transfer an action (Security Nat. Bank v. Nardone, 65 Misc 2d 439). Another problem is presented because plaintiffs’ affidavit states that the individual defendant resides in Suffolk County, but he was personally served in Nassau County. Section 403 of the Uniform District Court Act states that the service of the summons shall be made only within the county. Section 404 of the Uniform District Court Act, the long-arm statute, permits service outside the county from any enumerated act committed within a district of the court. The accident in question occurred in Nassau County.
CPLB 3211 (subd. [a], par. 8) permits a party to move to dismiss a cause of action on the ground that the court has no jurisdiction of the person of the defendant. Defendant must raise the objection in his responsive pleading or in connection with his motion under CPLB 3211 (subd. [a]), otherwise it is waived (CPLB 3211, subd. [e]). CPLB 3211 is made applicable to this District Court by virtue of UDCA, § 1002 (see, also, UDCA, § 2102; CPLB 101).
Defendants’ answer continues an affirmative defense 1 ‘ that the court does not have jurisdiction of the subject matter herein.” This court does have subject matter jurisdiction as the cause of action is within our monetary jurisdiction (UDCA, § 202). Defendants are deemed to have waived in personam jurisdiction.
However, the doctrine of forum non conveniens applies. In Pharo v. Piedmont Aviation (34 A D 2d 752) and Klein v. Piedmont Aviation (35 A D 2d 791) the courts encountered situation similar to the present one. In both cases the plaintiff, and all defendants save one, resided outside New York, and the cause of action arose outside New York. Only the famous defendant Kollsman (see Egan v. Kollsman Instrument Corp., 21 N Y 2d 160) resided in New York and provided the “ basis ” for jurisdiction. The courts applied the doctrine of forum non conveniens and conditionally dismissed the actions. The Court of Appeals stated that 1 ‘ The Appellate Division did not abuse *318 its discretion in deciding to refuse jurisdiction ” (Pharo v. Piedmont Aviation, 29 N Y 2d 710, 712).
The rule enunciated in de la Bouillerie v. de Vienne (300 N. Y. 60) that if the court has jurisdiction over the parties it lacks the power to dismiss the action on the grounds of forum non conveniens when either the plaintiff or the defendant is a New York resident has given way to a new forum non conveniens doctrine that “ turn[s] on considerations of justice, fairness and convenience, and not solely on the residence of one of the parties ” (Silver v. Great Amer. Ins. Co., 29 N Y 2d 356, 361).
The court in applying the newest doctrine of forum non conveniens, declares that Suffolk County has “ little if any interest in or relationship to the issues here involved” (Pharo v. Piedmont Aviation, supra, p. 752), and dismisses the action on condition that defendants, within 30 days, file a duly acknowledged consent in writing that they will appear, receive all papers and subject themselves in all respects to the jurisdiction of the Nassau County District Court upon the cause of action alleged in this complaint.