■ LISA MARTIN, Respondent, v. ERNA H. MIETH, Appellant.— Orders, Supreme Court, New York County, entered May 2, 1972, and November 28, 1972, denying, respectively, defendant's motions to dismiss the action on the ground of *forum non conveniens* and for a change of venue, affirmed, without costs and without disbursements. Despite the greater flexibility now permitted in applying the doctrine of *forum non conveniens*, we are not prepared to hold, as the dissent seemingly would, that such relief should be granted when, after considering certain relevant factors, we determine that "the plaintiff can get a fair trial in the jurisdiction of his residence or that in which the action would normally be brought." While we would agree that nothing contained in section 253 of the Vehicle and Traffic Law requires retention of jurisdiction here of an action involving nonresidents arising out of an automobile accident on one of our highways, we find nothing in *Silver* v. *Great Amer. Ins. Co.* (29 N Y 2d 356) or *Hernandez* v. *Cali, Inc.* (32 A D 2d 192, affd. 27 N Y 2d 903) which supports the test above suggested. After remand in *Silver* (38 A D 2d 932), we found no New York contacts in respect of that case other than defendant's residence. In *Hernandez*, though the accident occurred here, we held that Special Term did not abuse its discretion in applying the doctrine in that maritime tort case since the parties had agreed to have their disputes settled by Panamanian authorities applying Panama law. No such distinguishing factors appear in this case. In short, upon the record before us, and after considering all of the pertinent factors involved, we cannot conclude that the cause of action here asserted has no substantial nexus with New York or that Special Term abused its discretionary power in denying the relief requested. Concur — Murphy, Lane and Tilzer, JJ.; Stevens, P. J., and Steuer, J., dissent in the following memorandum by Steuer, J.: The action arises out of an automobile accident which occurred on December 20, 1970, in Chautauqua County. Plaintiff was a guest

in defendant's car. Both are residents of Toronto, Canada, and the accident interrupted an excursion beginning and intended to end in Toronto. Defendant moved to dismiss the action on the ground of *forum non conveniens*. Plaintiff opposed the motion, submitting an affidavit of her attorney that there was an independent witness, one Penhollow, who was a resident of New York; that the State Police investigated the accident and made records; and that plaintiff was treated in Buffalo General Hospital. The court denied the motion. Defendant then moved for a change of venue to Chautauqua County. The same attorney submitted an affidavit that the witness, Mr. Penhollow, did not see the accident; that the records and the testimony of the State Police would not be probative of any material fact; and that the records of the Buffalo General Hospital would be available anywhere. That motion was again denied. It is claimed and not disputed that plaintiff was seriously injured in this accident and that any extended travel would be a considerable inconvenience. But it is argued that travel to New York City would be easier than to Chautauqua County, though the distance from Toronto to New York is materially greater than the distance from that city to Chautauqua County. It would be hard to visualize a more unabashed instance of forum shopping. Traditionally it has been consistently held that our courts would be open to any litigant, regardless of residence, who was the victim of an accident which took place within our borders (*de la Bouillerie* v. *de Vienne*, 300 N. Y. 60). But concepts of long standing having relation to the situs of an accident are undergoing change where closer examination reveals that they have no real relationship to modern conditions. For instance, we no longer apply the general provisions of the law of the situs to situations in which another jurisdiction has a greater interest in the litigation (*Babcock* v. *Jackson*, 12 N Y 2d 473); nor do we open our courts to a foreign litigant merely because the tort-feasor is a New York resident (*Silver* v. *Great Amer. Ins. Co.* (29 N Y 2d 356) and merely because the accident happened here (*Hernandez* v. *Cali, Inc.*, 32 A D 2d 192, affd. 27 N Y 2d 903). Instead of a rule of thumb, the grounds of decision as to whether to accept jurisdiction depend on many factors which are enumerated in the opinion of Stevens, P. J. in *Hernandez*, (*supra*), and in total amount to whether the plaintiff can get a fair trial in the jurisdiction of his residence or that in which the action would normally be brought. If he can, "there is little reason to add the case to our already overburdened courts" (*Hernandez, supra*, p. 195). But even should the courts of this State entertain the action it is clear that the only justification for so doing would be that the accident came about here. It would naturally follow that the county in which that happened would be the only appropriate forum (*Slavin* v. *Whispell*, 5 A D 2d 296; *Goldman* v. *Weisman*, 23 A D 2d 634; *Kulock* v. *Kiamesha Concord*, 28 A D 2d 660). Plaintiff argues that the public policy of this State as shown by section 253 of the Vehicle and Traffic Law, allowing service on the Secretary of State for an action against a foreign motorist using our highways, indicates that our courts should entertain the action. The argument is completely fallacious. The object of the statute is to provide a New York resident redress to the extent of making the foreign defendant subject to process. It has no substantive application and indicates no policy. The order denying the motion to dismiss for *forum non conveniens* should be reversed and the motion granted; and the appeal from the order denying a change of venue should be dismissed as academic.