Joan Neumeier, as Administratrix of the Estate of Aime Neumeier, Deceased, Respondent, v. Irene Kuehner, as Administratrix of the Estate of Arthur Kuehner, Deceased, Appellant, et al., Defendant.

Fourth Department, December 6, 1973.

*Smith, Murphy & Schoepperle* (*Frank G. Godson* of counsel), for appellant.

*Ohlin, Damon, Morey, Sawyer & Moot* (*James N. Schmit* and *James S. McAskill* of counsel), for respondent.

Del Vecchio, J. P. This is an appeal by defendant Kuehner from an order of Special Term which granted plaintiff's motion for leave to serve an amended complaint and denied a cross motion by Kuehner for dismissal. The only argument urged

on this appeal is the contention that Special Term erred in declining to dismiss the action on the ground of *forum non conveniens*.

The following facts are undisputed: Plaintiff is the widow of a resident of the Province of Ontario, Canada who was killed when the vehicle in which he was riding, owned and operated by Arthur Kuehner, collided with a train of defendant Canadian National Railway at a grade crossing in the County of Welland, Ontario on May 7, 1969. Kuehner, a resident of New York, was also killed in the crash; his estate was named as a codefendant with the railroad in this wrongful death action commenced in Supreme Court, Erie County on October 31, 1969. In her answer administratrix Kuehner pleaded the Ontario guest statute as a defense, and, in the face of a motion to dismiss by plaintiff, that pleading was sustained by the Court of Appeals (*Neumeier* v. *Kuehner*, 31 N Y 2d 121). Plaintiff then brought on this motion for leave to serve an amended complaint alleging gross negligence, which was granted by Special Term, and defendant Kuehner sought a dismissal on the ground of *forum non conveniens* under the authority of *Silver* v. *Great Amer. Ins. Co.* (29 N Y 2d 356), which was decided while the appeals regarding the Ontario guest statute defense were pending.

In *Silver* the Court of Appeals relaxed the well-settled rule laid down for this jurisdiction in *Gregonis* v. *Philadelphia & Reading Coal & Iron Co.* (235 N. Y. 152) and reaffirmed in *de la Bouillerie* v. *de Vienne* (300 N. Y. 60, rehearing den. 300 N. Y. 644) that the residence in New York of either party to an action precluded application of the doctrine of *forum non conveniens* as the basis for rejection of jurisdiction. Speaking of the doctrine, the court said (p. 361): "Its application should turn on considerations of justice, fairness and convenience and not solely on the residence of one of the parties. Although such residence is, of course, an important factor to be considered, *forum non conveniens* relief should be granted when it plainly appears that New York is an inconvenient forum and that another is available which will best serve the ends of justice and the convenience of the parties". It also said (p. 361): "The question whether the principle of *forum non conveniens* should or should not be applied in such a case 'is one', we declared in *Varkonyi* v. *Varig* (22 N Y 2d 333, 337), 'which is in general committed to the discretion of the courts below, to be exercised by reviewing and evaluating all the pertinent competing considerations.'"

Bearing in mind the principles thus stated, and in particular the reference to the determination of the application of the doctrine as one committed to judicial discretion, we cannot justify a disturbance of the exercise of discretion by Special Term, which declined to reject jurisdiction of the present action. In declining, Special Term said: '' There has been no showing of inconvenience to the parties to continue the trial in New York State ''. An examination of the record, which contains only one paper — an attorney's affidavit devoting a single paragraph to *forum non conveniens* — in support of the motion to dismiss on this ground, confirms the conclusion of the Justice at Special Term. No inconvenience to the parties or their witnesses is demonstrated. The fact that the Ontario guest statute will be applicable does not make the New York forum inconvenient. On the other hand, there are substantial reasons why the continuation of this action in a court of this State is appropriate. The action has been pending since 1969; on argument of this appeal counsel for appellant conceded that pretrial examinations have been completed and that the case is presently ready for trial. He was unable to give any estimate of when a new action commenced in the Province of Ontario might be reached. It was also conceded that both the site of the accident and plaintiff's residence on the Canadian side of the Niagara River are only a few miles from the place of trial of this action in Erie County. Plaintiff, the nonresident who bears the burden of proof and might most be inconvenienced by trial in a jurisdiction away from the place of the event, herself selected this forum and strenuously opposes the request that the court decline jurisdiction. Finally, and this is undoubtedly a factor in plaintiff's choice of forum, a judgment obtained in the present action against defendant Kuehner, the New York resident, will be far more easily satisfied against the driver's estate than would be a judgment obtained in an Ontario court, to which no full faith and credit would attach and which would have to be enforced here by an action on the judgment or a motion for summary judgment in lieu of complaint (CPLR 5303).

In view of these considerations, we cannot regard as an abuse of discretion Specal Term's refusal to reject jurisdiction on the ground of *forum non conveniens*.

The cases relied on by appellant are all distinguishable in that in none of them does it appear that there had been an exercise of discretion declining the application of the doctrine of *forum non conveniens*. In each instance the court that first

considered the motion to dismiss had acted prior to the Court of Appeals's decision of the *Silver* case and at a time when dismissal had to be denied because of the residence of one of the parties (*Barry* v. *American Home Assur. Co.*, 31 N Y 2d 684; *Pharo* v. *Piedmont Aviation*, 29 N Y 2d 710; *Taurus, Inc.* v. *Boeck Fuel Co.*, 39 A D 2d 519; *Heller* v. *National Gen. Corp.*, 39 A D 2d 688). They are further distinguished by the fact that in each case the alternate forum to which plaintiff was or would be relegated was a sister State, rather than a foreign nation, whose judgment might be more easily enforced in New York (CPLR 5402).

The order appealed from should be affirmed.

Marsh, Witmer, Cardamone and Henry, JJ., concur.

Order unanimously affirmed with costs.