BARBARA MINDELL et al., Plaintiffs, *v.* TRAVELERS INDEMNITY COMPANY, Defendant.

Fourth Department, December 12, 1974.

*Lawrence H. Wagner* for plaintiffs.

*J. Leo Kennedy* for defendant.

DEL VECCHIO, J. This action was submitted to the Appellate Division upon an agreed statement of facts pursuant to CPLR 3222.

Plaintiff Barbara Mindell, a resident of Buffalo, New York, while a passenger in a Volkswagen owned by Willard H. Myers, III and operated by Brian Cullen, both residents of New York, was seriously injured in a one-car accident on August 14, 1967 on the Queen Elizabeth Way in Bertie Township, Province of Ontario, Canada; her father, plaintiff Eugene R. Mindell, incurred substantial expenses for her care and treatment.

On the date of the accident there was in full force and effect a policy of automobile liability insurance issued to Myers in the State of New York by the defendant Travelers, covering the Volkswagen and reciting a limit for bodily injury to one person in the amount of $10,000.

Travelers is authorized to do business in Ontario and the other Canadian provinces, and, as a requisite for such authority signed a power of attorney and undertaking on July 15, 1964 which it filed with the Superintendent of Insurance of British Columbia, who acts on behalf of all Canadian provinces. This instrument was in full force and effect on the date of the accident. The power of attorney, designated Exhibit A, appoints (in this case) the Registrar of Motor Vehicles of Ontario "to accept service of notice or process on its behalf", with respect to an action or proceeding against it or its insured arising out of a motor vehicle accident in any of the provinces. Travelers also made written representations as to certain undertakings on its part to be performed which, where pertinent, will be noted hereafter.

The minimum requirement in the Province of Ontario for automobile liability insurance written in said province was $35,000, as set forth in section 216 of the Revised Statutes of Ontario, as amended in 1966 (L. 1966, ch. 71). The minimum financial requirement in Ontario for auto liability insurance written for nonresidents was also $35,000.

As a result of this accident an action was commenced in New York. (Plaintiffs' brief states that this was done because plaintiffs were not in a position to sue the negligence claim in Ontario because of the Ontario Guest Statute.) Plaintiffs and defendant have entered into a settlement agreement providing for payment to the plaintiffs of a sum of money under a separate insurance policy covering the operator of the automobile (Cullen) plus payment of the entire applicable limit of coverage under the owner's (Myers') insurance policy with the defendant.

We are thus called upon to determine a controversy which is stated by the parties as follows: " Was the applicable limit of coverage under the policy of liability insurance issued to said Willard H. Myers, III, by the defendant, the Travelers Indemnity Company, $10,000 for injuries to one person as stated in said policy or was such applicable limit fixed at $35,000 by virtue of the operation of said Volkswagen automobile on the highways of the Province of Ontario when the owner of said Volkswagen automobile, the passenger in and the operator of such automobile were New York State residents at a time when the aforesaid Exhibit ' A ' was in effect in Ontario, Canada? "

We conclude that a proper disposition of the controversy is reflected in a determination that the applicable limit of coverage under the policy in question is $10,000, as stated in the policy.

The extent of defendant insurer's liability is a matter of contract entered into by the defendant and its insured. That contract fixes a limit of liability at $10,000, as permitted under the law of New York, the State in which the contract was made. Unless that limit has been expanded, either by action by the contracting insurer or by some overriding legislation, we can find no basis for requiring a greater payment by the company.

The only action by the insurer that has been suggested to us as accomplishing an increase of its liability is the execution by it on July 15, 1964 of the power of attorney and undertaking filed with the Superintendent of Insurance of British Columbia, acting on behalf of all the Canadian provinces and territories, as a requisite to its doing business in those areas. However, nothing in that instrument was effective to increase the company's liability in this action instituted in the Supreme Court, Appellate Division, of the State of New York.

The power of attorney and undertaking authorizes certain designated public officials of the Canadian provinces and territories to accept service of notice or process on behalf of the insurer in actions against it or its insured arising out of motor vehicle accidents in any of the provinces or territories. Then follow certain, separate undertakings. After undertaking to appear in any action or proceeding against it or its insured in any province or territory in which such action has been instituted, and to cause notice or process in respect of its insured received by it from the designated officials authorized to accept service to be served personally on the insured, the company undertakes: " Not to set up any defence to any claim, action, or proceeding, under a motor-vehicle liability insurance contract entered into by it, which might not be set up if the contract had

been entered into in, and in accordance with the law relating to motor-vehicle liability insurance contracts *of the Province or Territory of Canada in which such action or proceeding may be instituted,* and to satisfy any final judgment rendered against it or its insured by a Court *in such Province or Territory, in the claim, action, or proceeding,* up to (1) the limit or limits of liability provided in the contract; but (2) in any event an amount not less than the limit or limits fixed as the minimum for which a contract of motor-vehicle liability insurance may be entered into in such Province or Territory of Canada, exclusive of interest and costs and subject to any priorities as to bodily injury or property damage with respect to such minimum limit or limits as may be fixed by the Province or Territory." (Emphasis added.)

It is clear from the language and context of the foregoing undertaking (relied on by plaintiffs and the dissenting Justice as the basis for expanding the insurer's liability to $35,000) that the provision quoted refers only to a claim, action or proceeding prosecuted in a Canadian province or territory, and that the insurer's agreement not to set up certain defenses (which would include a defense of limit of liability less than the $35,000 minimum coverage prescribed by Canadian law) extended only to such actions. It was in no respect an agreement to forego those defenses — and to assume an increased liability — in the present New York action. The undertaking must be given effect as written; we have no authority to add other conditions or terms (*Jermyn v. Searing,* 225 N. Y. 525; *Textile Capitol Bldg. Corp.* v. *Wendel Foundation,* 253 App. Div. 332, affd. 279 N. Y. 769).

There remains the question whether any statute has been effective to vary the $10,000 maximum liability provided by the policy. We conclude that none called to our attention has accomplished this result.

As the dissenting Justice recognizes, subdivision 5 of section 672 of the Insurance Law of this State did not become effective until February 1, 1974 and therefore did not vary the policy in question for our present purposes.

With respect to section 216 of the Revised Statutes of Ontario (requiring coverage of at least $35,000 in motor vehicle liability policies), it seems to us to be highly questionable whether a law of Ontario may be effective to alter rights and limitations created by a contract entered into in New York by a New York resident and a corporation authorized to do business here — especially when the statute is contrary to an express provision in the policy.

Plaintiffs' argument for application of the Canadian statute rests on their contention that the insurer, by the execution of the power of attorney and undertaking, has "agreed to an increase in policy limits while the car was being operated in Ontario". However, as indicated above, the instrument is not that broad and therefore cannot form the basis for an application of the Canadian statute in this case.

The plaintiffs, as well as the dissenting Justice, also suggest that there is no conflict between the policies and interests of the State of New York with respect to the availability of insurance to compensate victims of auto accidents and the policies and interests of the Province of Ontario, and that consequently the Canadian statute may be applied. We believe that the predicate of this argument is specious, and that an obvious conflict exists between the insurance contract before us limiting liability to $10,000 (which, by the submission, was in standard form approved for issuance in the State of New York) and the Ontario statute requiring $35,000 minimum coverage.

No reason appearing why the Canadian law is entitled to be given effect to alter and override the insurance contract from which defendant's liability derives, we conclude that the applicable limit of coverage should be $10,000, as stated in the policy.

Accordingly, we determine that the liability under the policy is $10,000, and not $35,000. Judgment should be without costs.

CARDAMONE, J. (dissenting). It is now settled law that the guest-host relationship established in New York remained constant throughout the auto trip from Buffalo to Montreal and return. New York law, therefore, applies to that relationship eliminating any consideration of the Ontario Guest Statute (*Babcock* v. *Jackson*, 12 N Y 2d 473). In any event, that statute (Ontario Rev. Stat. [1960], ch. 172, § 105, subd. [2]) is not urged by defendant as having application to this case.

The majority conclude that New York's $10,000 minimum policy of financial responsibility applies. I respectfully disagree. Both New York and Ontario have enacted minimum liability insurance requirements for the protection of innocent victims of automobile accidents, to protect their own vendors who provide services for such victims and for such other governmental purposes that each deems appropriate. Such policies are not in conflict with one another, as the majority suggests, but only differ as to the minimum amount of financial responsibility required. New York interests to protect are no different than Ontario's. Absent a competing or a conflicting governmental interest in New York sufficient to displace the

*lex loci delicti,* it should be applied. This is particularly true where, as here, when focusing on the issue of recovery, the situs of the accident in Ontario is not the least relevant factor to be considered. It is certain that the Province of Ontario is concerned not only with its own residents but also with non-residents and with events that happen within its territory (*Neumeier* v. *Kuehner,* 31 N Y 2d 121, concurring opinion per Judge BREITEL [now Chief Judge], p. 131). In this connection, it is significant that the parties stipulated that the minimum $35,000 provided for in the Ontario statute applies to residents and nonresidents alike. Thus, the Ontario statute with respect to the amount of recovery should apply.

Further, support for this conclusion is found in the fact that defendant in its undertaking agreed '' not to set up any defence * * * under a motor-vehicle liability insurance contract entered into by it, which might not be set up if the contract had been entered into in, and in accordance with the law '' of Ontario relating to motor vehicle liability insurance. Thus, in effect, defendant has, as a condition of being permitted to do business in Ontario, waived the lower $10,000 minimum limitations in its New York policy and may not set up the lower policy limits as a defense in the present action.

Finally, it should be noted that a recent legislative enactment (Insurance Law, § 672, subd. 5 [eff. Feb. 1, 1974]) provides that every owner's policy of liability insurance in New York shall provide coverage '' when a motor vehicle covered by such policy is used or operated in any other state or in any Canadian province * * * at least in the minimum amount required for such vehicle by the laws of such other state or Canadian province.'' An amendment to Insurance Department Regulation No. 35–A repealing paragraph (e) of section 60.1 and substituting a new paragraph (e) has conformed the regulations to the statute (11 NYCRR 60.1 [e]). While these enactments are not dispositive of this case, they lend support to the proposition that New York has no conflicting governmental interest to be served by the imposition of the lower $10,000 limitation.

Accordingly, I dissent and vote that the applicable limit of coverage under the policy of liability insurance issued to the owner Myers by the defendant Travelers should be $35,000 as provided by the applicable Ontario law.

MARSH, P. J., SIMONS and GOLDMAN, JJ., concur with DEL VECCHIO, J.; CARDAMONE, J., dissents and votes to determine controversy in favor of plaintiff in an opinion.

Controversy determined in favor of defendant, without costs of this submission to either party, and judgment to be entered in accordance with opinion by DEL VECCHIO, J.