■ ADOLPH A. RADKE et al., Respondents, v LLOYD'S OF LONDON, Appellant, et al., Defendant.—Order unanimously affirmed, with costs. Memorandum: On July 23, 1973 plaintiffs, Adolph Albert Radke, his wife Elfreida, and his daughter, Linda, all Canadian residents, were passengers in a vehicle owned by Adolph Albert Radke and operated by his son, Keith Radke. It was covered by an automobile liability insurance policy issued in the Province of Ontario, Canada, by Lloyd's of London. Lloyd's is an insurer authorized under the Laws of the United Kingdom of Great Britain and has appointed the Commissioner of Motor Vehicles of the State of New York as its attorney for receipt of service of process. While the Radkes were en route from their home in Kitchener, Ontario, Canada to Cape Cod, Massachusetts, their vehicle suddenly veered off the New York State Thruway and crashed, injuring the plaintiffs. Plaintiffs allege that their injuries were quite serious and required extended hospitalization and treatment in a Little Falls, New York hospital. Plaintiffs instituted suit against Keith Radke, the driver, in the Supreme Court of the State of New York seeking damages for injuries sustained by them in the accident. Lloyd's refused to defend and indemnify Keith Radke on any claim arising out of the July 23 accident, but asserts that it has paid out first-party benefits as required under the policy. Plaintiffs then commenced this declaratory judgment action seeking a determination of Lloyd's obligations under the policy and the Vehicle and Traffic Law of the State of New York. Lloyd's appeals from an order

denying its motion on the ground of *forum non conveniens* to dismiss plaintiffs' action. The "Automobile Financial Responsibility Certificate" filed by Lloyd's with the New York State Department of Motor Vehicles pursuant to article 6 of the Vehicle and Traffic Law of the State of New York provides for a modification of the policy issued by Lloyd's to plaintiff Adolph Albert Radke of Kitchener, Ontario to comply with the Motor Vehicle Financial Responsibility Act. Such certificate filed pursuant to section 311 (subd 4, par [c]) of article 6 of the Vehicle and Traffic Law, provides: "That any owner's policy of liability insurance of said Underwriters, including the amounts of coverage thereof, which shall be at least in the amounts set forth in section 93-a, 4. (a) of Article 6-A of the Vehicle and Traffic Law, relating to any motor vehicle covered by such a policy and operated within the State of New York and owned by a resident of any jurisdiction in which the Underwriters are licensed to issue automobile liability policies of the kind referred to in Article 6-A of the Vehicle and Traffic Law as 'owners policy of liability insurance', shall be deemed to be varied to comply with the requirements of the Motor Vehicle Financial Security Act of the State of New York." The language of the filing is clear and is signed by an authorized agent of defendant Lloyd's. New York State Law requires that Lloyd's agree, and it has agreed, to modify its liability policy to conform with the Motor Vehicle Financial Responsibility Act with respect to insurance policies that are written to cover an automobile owned by a resident of a jurisdiction where Lloyd's is authorized to issue automobile liability policies. Giving the undertaking the effect as it is written, it clearly requires that the policy issued by defendant Lloyd's to plaintiff Adolph Albert Radke be modified, while his vehicle is operated in New York State, in accordance with article 6 of the Vehicle and Traffic Law of the State of New York and appropriate rules and regulations promulgated thereunder *(Mindell v Travelers Ind. Co.,* 46 AD2d 263, affd 38 NY2d 815). No choice of law question exists with respect to whether the Lloyd's policy issued to plaintiff Radke was modified to conform with article 6 of the Vehicle and Traffic Law. Given the applicability of article 6, the defendant Lloyd's motion to dismiss upon the basis of *forum non conveniens* was properly denied. The action concerns the interpretation of a liability policy between a resident of the Province of Ontario and a foreign insurer, where the accident occurred in New York and the foreign insurer filed an undertaking agreeing to modify its policies in accordance with article 6 of the Vehicle and Traffic Law of New York. Convenience, justice and fairness to the litigants do not dictate the dismissal of plaintiffs' declaratory judgment action *(Silver v Great Amer. Ins. Co.,* 29 NY2d 356; *Hernandez v Cali, Inc.,* 32 AD2d 192, affd 27 NY2d 903; *Irrigation & Ind. Dev. Corp. v Indag. S. A.,* 37 NY2d 522). In a sound exercise of discretion the court properly concluded that New York Supreme Court is a convenient forum for the resolution of plaintiffs' declaratory judgment action concerning the defendant Lloyd's obligation to defend and indemnify codefendant Keith Radke against claims arising out of the automobile accident in which plaintiffs were injured. (Appeal from order of Erie Supreme Court—dismiss action.) Present March, P. J., Moule, Simons, Dillon and Witmer, JJ.