OPINION OF THE COURT
Martin B. Klein, J.
This is an action seeking a declaration as to the amount of coverage provided by an automobile liability policy. Country Wide Insurance Co. (Country Wide) issued a policy in New York to the defendant, Padilla, a resident of New York, with coverage of $10,000 for bodily injury to one person. While passing through North Carolina on the way to Florida, defendant, Nieves Rodriguez, a passenger in Padilla’s automobile, was injured in a collision involving Padilla’s automobile and one owned and operated by a North Carolina resident. Nieves Rodriguez then brought suit in New York against both owner operators and was awarded judgment in the amount of $100,-000.
Inasmuch as North Carolina law requires motor vehicles owned by its residents to carry minimum coverage of $15,000 for bodily injury to one person, Miss Rodriguez maintains that she is entitled to coverage of $15,000 under the Country Wide policy and moves for summary judgment thereunder. Country Wide cross-moves for summary judgment, claiming that its liability is limited to $10,000, the amount stated in its policy. In its complaint, it also alleges that if it is held liable to Miss Rodriguez for $15,000, it is entitled to be indemnified by Padilla for the $5,000 extended coverage.
This case requires an interpretation and application of subdivision 5 of section 672 of the New York State Insurance Law, which states: "Every owner’s policy of liability insurance issued in satisfaction of articles six or eight of the vehicle and traffic law shall also provide, when a motor vehicle covered by such policy is used or operated in any other state or in any Canadian province, insurance coverage for such motor vehicle at least in the minimum amount required for such vehicle by the laws of such other state or Canadian province.”
Country Wide maintains that subdivision 5 of section 672 applies only when the injured person resides in another State or Canadian province or, at least, has more than a mere fortuitous nexus with it. Such an interpretation has no support in the statute, in its legislative history, or in common *908 sense. Indeed, such an interpretation would give out-of-State residents broader benefits than it would New York residents. Moreover, were this court to accept Country Wide’s interpretation, as a practical matter in all cases involving New York residents injured in a State requiring higher minimum coverage, New York residents would be obliged to litigate their claims in the foreign State or Canadian forum.
Country Wide further maintains that by requiring $15,000 minimum coverage, North Carolina is interfering with a New York contract which fixed coverage at $10,000. Such an argument finds even less support in the language of the statute. When suit is brought in New York, the North Carolina minimum is applied, not by virtue of its own weight, but because New York State, in enacting subdivision 5 of section 672 of the Insurance Law, has chosen to adopt North Carolina law for purposes of the lawsuit only.
Although there are no cases on point, this conclusion was foreshadowed by Mindell v Travelers Ind. Co. (46 AD2d 263). In that case, the tort-feasor was a resident whose policy, issued in New York, provided for the minimum $10,000 personal injury coverage. The accident, which injured a New York resident, took place in Ontario where the minimum required coverage was $35,000. On an agreed statement of facts, the court held that Travelers was liable for only $10,000 coverage. The court made it clear, however, that its refusal to apply subdivision 5 of section 672 was based solely upon the fact that said statute had not been enacted at the time of the accident. In the case at bar, subdivision 5 of section 672 was in effect at the time of the accident and, absent a competing or conflicting governmental interest in New York sufficient to displace the lex loci delictus, it should be applied. (Neumeier v Kuehner, 31 NY2d 121,131 [Breitel, J., concurring].)
The court therefore grants the motion to the extent of declaring that Country Wide’s coverage for bodily injury to one person in this accident was $15,000 and denies the cross motion.
A motion for summary judgment searches the record. (CPLR 3212, subd [b]; Wiseman v Kraus, 24 AD2d 869.) The court therefore also dismisses Country Wide’s action for indemnity from Padilla, its insured. The coverage paid for by Padilla was not merely $10,000/$20,000 coverage prescribed by subdivision 2-a of section 167 of the Insurance Law, but also the extended coverage required by subdivision 5 of section *909 672 of Insurance Law. An insurer may not seek indemnity from its own insured. (Prindle v Rockland Tr. Corp., 263 App Div 873; Century Ind. Co. v Hartford Acc. & Ind. Co., 130 NYS2d 844.)