Motion for reargument denied in the following memorandum: A motion for reargument is not an appropriate vehicle for raising new questions, such as those now urged upon us, which were not previously advanced either in this court or in the courts below. (See, e.g., Mississippi Shipbuilding Corp. v. Lever Bros. Co., 237 N. Y. 565; Matter of United States of Mexico v. Schmuck, 293 N. Y. 768; see, also, Cohen and Karger, Powers of the New York Court of Appeals, pp. 628, 69A-696.) Indeed, the appellant now suggests a meaning and interpretation of the insurance policy (the subject of the attachment) which is inconsistent with that subscribed to and acquiesced in by him on the appeal proper and on which the case has heretofore been considered and decided. It would serve no useful purpose for us to entertain at this juncture arguments addressed to details relating to the coverage or noncoverage of that policy of insurance now pressed upon us for the first time.
Further, the appellant’s argument based on the impact of CPLR 320 (subd. [c]), also asserted for the first time, fails to take account of the explicit statement in the court’s opinion (21 N Y 2d 305, 310) that “ neither the Seider decision [17 N Y 2d 111] nor the present one purports to expand the basis for in personam jurisdiction in view of the fact that the recovery is *991 necessarily limited to the value of the asset attached, that is, the liability insurance policy. For the purpose of pending litigation, which looks to an ultimate judgment and recovery, such value is its face amount and not some abstract or hypothetical value.” This, it is hardly necessary to add, means that there may not be any recovery against the defendant in this sort of case in an amount greater than the face value of such insurance policy even though he proceeds with the defense on the merits. Consideration of CPLR 320 (subd. [c]) and its effect in other types of action begun by attachment must, of course, await future cases.
Motion for reargument and for a stay denied in a memorandum.