Anna **VARADY**, John Varady, Dorothy Detelj, Joseph Detelj, individually and as parent of Richard J. Marshall, and as Administrator ad prosequendum of Lawrence Kurt Marshall, Plaintiffs,

v.

Alfred **MARGOLIS**, Defendant.

No. 68 Civ. 3830.

United States District Court
S. D. New York.

Dec. 18, 1968.

Harry H. Lipsig, New York City, for plaintiffs, Jerrold I. Ehrlich, New York City, of counsel.

Whalen, O'Neill & Pillon, New York City, for defendant, Charles G. Pillon, New York City, of counsel.

WYATT, District Judge.

This is a motion by the sole defendant Alfred Margolis (hereafter Margolis) and also by his insurer, Government Employees Insurance Company (Geico), to vacate an attachment of an automobile liability insurance policy issued by Geico to Margolis and to dismiss the complaint for lack of jurisdiction over the person or property of Margolis. Fed.R.Civ.P. 12(b) (2).

The action was commenced in the New York Supreme Court on August 16, 1968 by the service in New York of an order of attachment (signed by Mr. Justice Loreto on August 12, 1968) and a complaint upon Geico. A summons and complaint were thereafter served on Margolis on August 27, 1968. It does not seem to be stated in the papers *where* service was made on Margolis but it is undisputed that he was served in New Jersey, as authorized by N.Y. CPLR § 314. See also N.Y. CPLR § 6213. On September 25, 1968, Margolis, by his attorney, filed in this Court a petition for removal. By order with memorandum opinion filed December 5, 1968, a motion by plaintiffs to remand this action to the state court was denied and it was held that the action had been properly removed.

Margolis and Geico, by the present motion, attack the validity of the attachment under New York law and, assuming its validity under that law, challenge its constitutionality under federal law. Involved is the New York procedure for attachment of an insurance policy as authorized by Seider v. Roth, 17 N.Y.2d 111, 269 N.Y.S.2d 99, 216 N.E.2d 312 (1966) and elaborated in Simpson v. Loehmann, 21 N.Y.2d 305, 287 N.Y.S.2d 633, 234 N.E.2d 669 (1967), motion for reargument denied, 21 N.Y.2d 990, 290 N.Y.S.2d 914, 238 N.E.2d 319 (1968).

See also Victor v. Lyon Associates Inc., Hanover Ins. Co., Appellant, 21 N.Y.2d 695, 287 N.Y.S.2d 424, 234 N.E.2d 459 (1967), appeal dismissed for want of a substantial federal question, Hanover Ins. Co. of New York v. Victor, 393 U.S. 7, 89 S.Ct. 44, 21 L.Ed.2d 8 (1968).

The present action arose from an automobile accident in Morris County, New Jersey. There are five plaintiffs, each of whom avers one or more causes of action in the complaint. It is alleged that plaintiffs Anna Varady and Dorothy Detelj, with Gerald Detelj (7 year old son of Dorothy), Richard J. Marshall and Lawrence K. Marshall, were standing on a sidewalk in Morris County, New Jersey, when an automobile operated by Margolis veered across the road, jumped a curb and struck the five persons standing on the sidewalk. According to the complaint, all five persons were seriously injured and Lawrence K. Marshall died as a result of his injuries. There are ten separate claims in the complaint.

The first claim is by Anna to recover for her injuries.

The second claim is by Anna's husband, John, to recover his compensable losses because of the injuries to Anna.

The third claim is by Dorothy to recover for her injuries.

The fourth claim is by Dorothy's husband, Joseph, to recover his compensable losses because of the injuries to Dorothy.

The fifth claim is by Gerald Detelj but whether he is a plaintiff or not is uncertain. He is not described as a plaintiff in the caption and in paragraph 2 is said to be 7 years old. The fifth claim refers to him as a plaintiff and is to recover for his injuries.

The sixth claim is by Gerald's father, Joseph, to recover his compensable losses because of the injuries to Gerald.

The seventh claim is by Richard J. Marshall but whether he is a plaintiff or not is uncertain. He is not described as a plaintiff in the caption and in paragraph 3 is said to be 8 years old. The seventh claim refers to him as a plaintiff and is to recover for his injuries.

The eighth claim is by Richard J. Marshall's father, Richard H. Marshall, to recover his compensable losses because of the injuries to Richard J. Marshall.

The ninth claim is by Richard H. Marshall as Administrator ad prosequendum of the Estate of Lawrence K. Marshall to recover for the injuries to the intestate Lawrence K. Marshall.

The tenth claim is by Lawrence's father, Richard H. Marshall, to recover his compensable losses because of the injuries to and death of Lawrence.

The complaint avers that plaintiffs John and Anna Varady and plaintiffs Joseph and Dorothy Detelj, with their son Gerald, are residents of the City of New York. The complaint avers that plaintiff Richard H. Marshall, with his son Richard J., is a resident of Hopatcong, New Jersey.

The petition for removal recites that Margolis is a citizen of New Jersey and that all plaintiffs are citizens of New York except plaintiff Richard H. Marshall and his son Richard J. (who may or may not be a plaintiff) and who are said to "reside" in New Jersey.

In the *Seider* and *Simpson* cases, the validity of the attachment of an insurance policy was upheld on state and federal grounds on facts similar in all but one respect to those in the case at bar. The significant difference is that in *Seider* and in *Simpson* the plaintiffs were New York residents and the action was being prosecuted for their benefit. In this case, however, not all the plaintiffs are residents of New York; the seventh through tenth claims are brought by Richard H. Marshall and perhaps the seventh by Richard J. Marshall, his son. Both are residents of New Jersey. The claims are for their benefit except for the eleventh claim which is brought by Richard H. Marshall as Administrator ad prosequendum of the estate of Lawrence Kurt Marshall for the benefit of his estate. The residence of Lawrence nowhere is averred, but it is apparent that he was a resident of New Jersey. Thus the action as to four claims is being brought by and for the benefit of non-residents of New York.

In *Seider*, the Court of Appeals of New York declared that there was "no policy reason against requiring the insurer to come into New York and defend as to an accident which occurred in Vermont *injuring New York residents * * *"* (17 N.Y.2d at 114, 269 N.Y.S.2d at 102, 216 N.E.2d at 315, emphasis supplied). In *Simpson*, the opinion of Chief Judge Fuld, voting to sustain the attachment, emphasized the New York residence of plaintiffs: "Moreover, *where the plaintiff is a resident of the forum state* and the insurer is present in and regulated by it, the State has a substantial and continuing relation with the controversy. For jurisdictional purposes, in assessing fairness under the due process clause and in determining the public policy of New York, such factors loom large." (21 N.Y.2d at 311, 287 N.Y.S.2d at 637, 234 N.E.2d at 672; emphasis supplied). In his concurring opinion, it is clear that Judge Keating was also concentrating on actions brought by New York residents although he is less than explicit (21 N.Y.2d at 312–314, 287 N.Y.S.2d at 638–640, 234 N.E.2d at 672–674). Judge Burke in dissent was not certain that *Seider* required that the plaintiff be a resident of New York at the time of the accident and suggested a possible "privileges or immunities" problem if it did (21 N.Y.2d at 318 & n. 3, 287 N.Y.S.2d at 643 & n. 3, 234 N.E.2d at 676).

In Vaage v. Lewis, 29 A.D.2d 315, 288 N.Y.S.2d 521 (2d Dept. 1968), the Appellate Division, Second Department, in an unanimous decision, vacated the attachment of a liability insurance policy at the instance of a plaintiff *not* a resident of New York. This was done both to discourage "an influx here of unwanted and unnecessary lawsuits" and also because otherwise there would be a deprival of "basic due process".

Our Court of Appeals has recently by a divided decision upheld the exercise of Seider v. Roth jurisdiction, as against due process objections, where plaintiff was a resident of New York. Minichiello

v. Rosenberg, 410 F.2d 106 (2d Cir. December 12, 1968). The reasoning was by analogy to direct action statutes, with emphasis on the New York residence of plaintiff. The Court, in a footnote, rejected the contention that it would be unconstitutional for New York to limit the availability of a Seider v. Roth type of attachment to those who are New York residents.

█ The attachment in the case at bar was improperly granted as to Richard H. and Richard J. Marshall because they (and those for whose benefit they sue) are not residents of New York and as to them the Seider v. Roth type of attachment is not available.

█ With respect to the other plaintiffs, they are New York residents and their claims are separate and independent from those of the non-resident Marshalls. Orn v. Universal Automobile Assoc. of Indiana, 198 F.Supp. 377 (E.D. Wis.1961). The validity of the attachment in an action by them as against Margolis, under state law and federal constitutional standards, is established by the New York decisions cited and by the recent *Minichiello* decision of our Court of Appeals.

Not involved in *Minichiello*, however, was the constitutionality of the *Seider* procedure as against the insurer. Judge Croake, in Podolsky v. Devinney, 281 F. Supp. 488 (S.D.N.Y.1968) ruled (among other things) that the *Seider* procedure was unconstitutional as it affects the insurer because unlike a direct action statute, the *Seider* procedure made the insurer liable to pay a judgment without having had an opportunity to defend on the merits. Because under *Seider* the suit remains technically one against the defendant, he must authorize an appearance in his behalf. Under N.Y. CPLR § 320 as it stood and as it had been interpreted at the time of Judge Croake's decision, the defendant could not authorize an appearance to defend on the merits without subjecting himself to in personam jurisdiction of the New York courts.

Assuming that the defendant permitted a default judgment to be entered rather than risking in personam liability in a case where the claims exceeded the policy limits, the insurer could then be sued for the damages fixed after inquest. Such a suit could be brought either directly by the successful plaintiff in the case of a policy issued and delivered in New York (N.Y.Insurance Law, McKinney's Consol.Laws, c. 28, § 167(1) (b)) or by the defendant, for indemnification under a policy issued and delivered in a state where direct action was not permitted. The insurer could attempt, under its policy, to assert the defense of the assured's lack of cooperation in defending the action by reason of his failure to authorize an appearance. Judge Croake concluded, however, that where authorizing such an appearance would lead to in personam liability, the insurer itself would have been under a fiduciary obligation to caution the assured not to authorize the entry of an appearance. The insurer thus could not rely upon the defense. Therefore, Judge Croake reasoned that the *insurer* would be deprived of its property without having had an opportunity to be heard on the merits, an essential requirement of due process.

Since Judge Croake's opinion, however, the New York Court of Appeals handed down its now famous and "miraculous per curiam opinion", see Commentary on CPLR § 5201 McKinney Supp.1968, denying reargument in *Simpson*, 21 N.Y.2d 990, 290 N.Y.S.2d 914, 238 N.E.2d 319 (1968). In this per curiam opinion the New York Court of Appeals stated that limited appearances were authorized in suits in which jurisdiction was predicated upon a Seider v. Roth type of attachment. Judge Friendly, writing for our Court of Appeals in *Minichiello*, has indicated that other procedural safeguards will be constitutionally required so that the defendant insured will effectively be insulated against the possibility that the New York action would have any in personam effect; there can be no effect

beyond the limit of liability contained in the policy.

It is accordingly clear that the insurer is no longer under any duty to advise the assured not to appear. If the assured fails to authorize an appearance by the insurer and a default judgment is consequently entered, the insurance company can plead such failure as a defense to any action against it by the successful plaintiff (N.Y.Insurance Law § 167(1)(b)) or (in the case of a policy issued or delivered in a state not having similar direct action provisions) to any action by the assured for indemnification. American Surety Co. v. Diamond, 1 N.Y.2d 594, 154 N.Y.S. 2d 918, 136 N.E.2d 876 (1956); Hoff v. St. Paul-Mercury Indemnity Co. of St. Paul, 74 F.2d 689 (2d Cir. 1935). True, a court might be hostile to such a defense, e. g., Thrasher v. United States Liability Ins. Co., 19 N.Y.2d 159, 278 N.Y.S.2d 793, 225 N.E.2d 503 (1967). But New York has not denied due process in authorizing a Seider v. Roth procedure merely because of a speculative possibility that some court might in the future refuse to recognize the defense of the assured's failure to cooperate.

The motion of defendant Margolis and of Geico is granted as to the four claims of Richard J. Marshall and Richard H. Marshall. The order of attachment signed by a New York Supreme Court Justice on August 12, 1968 and served August 16, 1968 is vacated and set aside as to the four claims (seventh through tenth) of Richard J. Marshall and Richard H. Marshall. The service of process on Margolis is vacated and set aside as to the four claims (seventh through tenth) of Richard J. Marshall and Richard H. Marshall. There is an express determination that there is no just reason for delay (Fed.R.Civ.P. 54(b)) and the Clerk is expressly directed to enter judgment in favor of defendant Margolis dismissing claims seven through ten, inclusive, of the complaint, for lack of jurisdiction over the person of defendant Margolis or over his property. Fed.R. Civ.P. 12(b) (1) and (2). The motion is in all other respects denied.

So ordered.