■    KATHLEEN SAGGESE, Respondent, v. RICHARD A. PEARE et al., Defendants, and CONCORD GENERAL MUTUAL INSURANCE COMPANY, Appellant.— Order entered May 1, 1969, denying the motion of garnishee-appellant to vacate an attachment dated January 28, 1969, unanimously reversed on the law, without costs or disbursements, the motion granted, and the attachment vacated. The action purported to have been initiated by service of the subject attachment on the Superintendent of Insurance arises out of an auto accident which occurred in New Hampshire. Plaintiff-respondent is a resident of New York, defendants are not, but one of them has a policy of insurance with the garnishee, attachment of which was procured, pursuant to *Seider* v. *Roth* (17 N Y 2d 111). The levy of an attachment is required to be made in the same manner as service of a summons (CPLR 6214, subd. [a]). However, " such service shall not be made by delivery of a copy to a person authorized to receive service of summons solely by a designation filed pursuant to a provision of law other than rule 318." The garnishee, not having an office in this State, filed no CPLR 318 designation, its sole amenability to service of any process being by virtue of a designation filed pursuant to section 59 of the Insurance Law as a condition

of being permitted to do business here. Despite CPLR 6214 (subd. [a])'s apparent exclusion of a section 59 designation as a basis for levy under an attachment, Special Term held that a CPLR 318 designation is merely supplementary to designation under section 59 for the purpose of service of process. However, even assuming this to be so, designation under section 59 is limited by the clear language of that section to an "action or proceeding against such insurer on a contract delivered or issued for delivery or a cause of action arising in this state" (subd. 1.). Plaintiff's cause does not fit this definition which eliminates section 59 as a basis for service. Nor does the holding in *Seider* bolster the validity of plaintiff's levy. There, as in *Simpson* v. *Loehmann* (21 N Y 2d 305), which reaffirmed *Seider,* the insurer-garnishee was "present" in New York by virtue of doing business here. There is nothing in the record to indicate that the garnishee-appellant actually does any business in New York, even though authorized so to do. There is no basis, therefore, for finding sufficient · "presence" here of the garnishee to justify this particular levy in the circumstances of this particular action, and it should be vacated. Concur — Capozzoli, J. P., McGivern, Markewich and Nunez, JJ.