Samuel, A. Spiegel, J.
Motions numbers 2 and 146 of August 4,1970 are consolidated for disposition herein.
In motion number 2 defendant Michael Talbot seeks an order dismissing the complaint on various grounds, or, in the alternative, an order vacating an order of attachment previously entered herein. Plaintiff cross-moves for an order, pursuant to 'CPLR 6220, directing the defendants to furnish plaintiff’s attorneys with photocopies of all the defendant’s insurance policies in force on May 11, 1969, the date of the accident.
In motion number 146, defendant William S. Paley moves for an order dismissing the complaint on grounds that the court should not entertain jurisdiction by reason of forum non conveniens.
The plaintiff sustained severe and crippling injuries on May 11, 1969 at about 10:15 p.m., while riding as a passenger in a car driven by one Lome Rowe along Lyford Cay Road in New Providence, Bahamas, which was struck in the rear by a car driven by defendant Michael Talbot and owned by defendant William S. Paley.
Plaintiff claims the accident was caused solely by the negligence of the defendant Talbot and that Talbot operated said vehicle within the scope of his employment and in furtherance of the defendant Paley’s business.
The defense is that Rowe stopped short in order to avoid hitting a stationwagon belonging to the Miami Herald, which was parked and unoccupied on the road. Defendant Paley further denies that defendant Talbot was driving the vehicle within the scope of his employment or in furtherance of Paley’s business.
*1094 Plaintiff, a resident of Massachusetts, commenced her personal injury action in New York. Defendant Talbot is a citizen of Great Britain and a resident of Nassau, New Providence, Bahamas. Defendant Paley is a resident of New York County, Nassau County, and New Providence, Bahamas.
Plantiff claims that New York is the only forum in the United States in which she can properly bring the action and offers to produce all necessary witnesses including those from Nassau, Ireland, Canada and the treating doctors from Massachusetts.
Under the rule enunciated in de la Bouillerie v. de Vienne (300 N. Y. 60) the courts of this State are bound to try an action for a tort committed outside the State if either the plaintiff or defendant is a resident of this State. It is only when an action is brought by one nonresident against another nonresident for a foreign tort that our courts may refuse to take cognizance of the controversy (Vaage v. Lewis, 29 A D 2d 315).
In deciding a motion to dismiss on the grounds of forum non conveniens, the court must consider on one side the burden on the New York courts and the extent of any hardship to the defendants that prosecution of the suit would entail. On the other hand, the court must weigh such matters as the unavailability elsewhere of a forum in which the plaintiff may obtain effective redress and the extent to which the plaintiff’s interest may otherwise be properly served by pursuing her claim in this State (Varkonyi v. Varig, 22 N Y 2d 333).
The defendant claims that if the case is tried here, he cannot cross-claim against the owner of the parked car which he claims, caused the accident. Actually, there is nothing to preclude defendant Paley from commencing an action in Nassau against any of the alleged wrongdoers.
Since the defendant Paley is a resident of New York the court is obliged to accept jurisdiction (de la Bouillerie v. de Vienne, 300 N. Y. 60, supra). Accordingly, defendant Paley’s motion to dismiss on the ground of forum non conveniens, for this reason and the others hereinafter discussed at length, is denied.
The motion by defendant Talbot to dismiss the complaint or to vacate the attachment is denied. There is in existence in rem jurisdiction which plaintiff obtained of defendant Talbot by order of attachment dated April 23, 1970. The doctrine enunciated in Seider v. Roth (17 N Y 2d 111) heavily relied upon by defendant, is inapplicable to the unique circumstances involved herein. A close reading of the Beider case, and the commentaries, show that usually New York residency is a crucial consideration for in rem jurisdiction (see, e.g., Prof. David D. Siegel, Supplementary -Comment to CPLB 5201; McKinney’s *1095 Cons. Laws of N. Y., Book 7B, 1967 Pocket Part, pp. 13-21; 23-31).
True it is that the plaintiff and codefendant Talbot are nonresidents, and in rem jurisdiction of nonresidents in favor of a nonresident plaintiff ordinarily may not be obtained by attachment of an insurance policy issued by an insurer doing business in New York '(Vaage v. Lewis, 29 A D 2d 315, supra; Minichiello v. Rosenberg, 410 F. 2d 106; Varady v. Margolis, 303 F. Supp. 23). Nonetheless, Talbot is the employee and agent of Paley, the New York resident. Paley’s liability was created by virtue of Talbot. To separate this case into two lawsuits would be absurd. To send it to the Bahamas would be impractical. Standing alone, under other circumstances, Talbot’s motion might be granted on the authority of Seider v. Roth (supra). Notwithstanding this, the facts and circumstances here mandate a different result, based on a rationale of logic, reason, and the human equation.
The law will not so blindly and narrowly interpret the Seider v. Roth (supra) decision as to perpetrate an injustice. The courts will not ignore,, destroy or impair the rights of human beings when it can, consistent with the intent of said Seider decision, liberally apply it to dispense justice and fair treatment. In the administration of justice, a court of equity should never hesitate to adapt itself in the application of old principles to new situations. Where grounds calling for the exercise of equitable power to furnish a remedy exist, the court should not hesitate to act. Gross injustice under the guise of forms of law might otherwise be perpetrated.
It is the duty of a court of equity to adapt its practice and course of proceeding to the existing state of society. It should not, by too strict an adherence to forms and rules established under different circumstances, decline to administer justice and enforce rights for which there is no other remedy. Thus by the adaptation of old rules to new cases, the jurisdiction of equity may be said to be constantly growing and expanding. The mere fact that a case is novel and is not brought plainly within the limits of some adjudged case is not enough to preclude equity from taking jurisdiction (20 N. Y. Jur., Equity, § 90).
The court is aware that in adopting this enlightened interpretation of the law, the principle of Seider v. Roth may be expanded. However, to truly administer justice in the exceptional circumstances at hand, the court should not be limited by a rigid, circumscribed and narrow application of the old Seider rule to a new situation.
*1096 Plaintiff, 25 years old and single, has been under the care of at least five doctors on thp staff of Massachusetts General Hospital, where she has been confined intermittently, and has undergone 17 operations. She suffered burns of 49% of her body. She will require further extended hospitalization in Massachusetts General Hospital. She is a welfare recipient in Massachusetts.
To grant either of these motions would in effect deny plaintiff any recourse to prosecute her claim for permanent disfiguring and disabling injuries. Doctors treating her in Massachusetts would not be available to testify in the Bahamas. She could neither afford to advance the expense of the doctors nor even to pay her own transportation. It is doubtful that her physical condition could withstand this crip. This would thwart plaintiff’s quest for justice, since she is indigent, a public charge, unable to work, afflicted with extensive scarring, cosmetic and physical deformities, all of which, it is stated, will require that she receive extensive medical attention for the rest of her life.
To send any part or all of her case to the Bahamas is for all intents and purposes a denial to her of any remedy or redress. She would be deprived of the opportunity for a full and fair trial, and her lawsuit, though untried, would be prematurely terminated, due to an adverse decision on these motions. Even more important, she will be denied the very opportunity to even present her claim.
Plaintiff’s attorneys in New York have been retained on a contingent basis. In the Bahamas the contingent fee system for handling tort cases is illegal. Plaintiff could not afford to retain an attorney there. In effect, plaintiff’s financial inability to maintain this suit in the Bahamas, among other reasons, is another factor which weighs heavily in favor of keeping this case in New York (Fiorenza v. United States Steel Int., 311 F. Supp. 117).
An affidavit from Dupuch, a lawyer for more than 20 years in the Bahamas, indicates that single counsel would ask a minimum brief fee of $10,000 in advance with refreshers of $300 per day in court, excluding the first day of trial. In addition, there would be the cost of junior counsel. Since there is no legal aid system in the Bahamas, plaintiff certainly could not obtain, nor afford to retain, counsel in the Bahamas.
To grant Talbot’s motion to dismiss the attachment would also result in an extreme hardship and prejudice to codefendant Paley, a New York resident, who was not present at the time of the accident. He would be helpless to properly defend this action, or to even attempt to defend this action, since he must *1097 rely mainly on Talbot’s testimony. Talbot, if not a party to the action here, might refuse to co-operate or even appear here. Thus, Paley would be left completely helpless and unaided, a plight which cannot be ignored by this court.
Paley appeared and answered the complaint herein. As a New York resident who was personally served here, the court has proper in personam jurisdiction of him. Likewise, the court finds that in rem jurisdiction of Talbot was properly acquired here (CPLR 6201, subd. 1).
Above all, the real party in interest, standing to gain or lose, is the defendant’s insurance carrier, Home Insurance Company, a New York corporation, which maintains offices in New York County. The insurance company arranged for the defense and indemnity of codefendants Paley and Talbot through its service organization, A. P. I. A., of 110 William Street, New York City. Through A. P. I. A., the defendant’s insurance carrier assumed responsibility for medical and other expenses and paid over $20,000 to plaintiff. These payments were discontinued only after this action was instituted.
The Paley insurance contract was properly attached to effect in rem jurisdiction on Talbot. It is not denied that the policy which insures Paley also includes Talbot.
The fact that the coverage is limited to the territorial limits of the Bahamas has no bearing herein. The fact that the Bahamas’ law is different from New York law does not serve as a bar to a trial here either. In fact, New York is the only State in the United States where plaintiff may secure jurisdiction over both defendants Paley and Talbot.
New York cannot decline jurisdiction over its resident defendant Paley, particularly since the nonresident plaintiff cannot secure jurisdiction over both defendants in any other State. Accordingly, New York should not decline jurisdiction of the entire case.
When jurisdiction by attachment is properly acquired, absent proof to the contrary, the doctrine of forum non conveniens is inapplicable (Parente v. Kisner, 34 A D 2d 244). As indicated before,.jurisdiction of Paley in personam was proper.
Attachment of the insurance contract is permitted because the insurer’s duty creates a debt owing to the insured upon the happening of the accident and thereby becomes a current asset (CPLR 5201, subd, [a]; 6202).
Most of the material witnesses, medical and liability, are neither citizens nor residents of the Bahamas. Plaintiff has agreed to produce, as part of her proof, if liability is contested, the non-Bahamian and Bahamian liability witnesses. The plain *1098 tiff voluntarily assumes the risk of producing the witnesses at' her own peril. If their testimony is vital, and to her detriment, she cannot produce them, she will have no one but herself to blame for any dire consequences.
Indisputably, New York courts are bound to try an action for a foreign tort where a material party to the action is a resident of this State (de la Bouillerie v. de Vienne, 300 N. Y. 60, supra; Wagner v. Braunsberg, 5 A D 2d 564).
Unquestionably, where a New York court has jurisdiction over a New York resident and over a non-New York codefendant, New York will retain jurisdiction over that codefendant even if the plaintiff is a nonresident (White v. Boston & Maine R. R., 283 App. Div. 482).
In effect, Talbot requests this court to permit the concurrent prosecution of two separate actions in two separate courts in two separate countries to recover damages arising out of the same accident, involving common questions of law and fact to the same plaintiff. Multiplicity of suits would result if a trial against Paley is permitted here without Talbot.
In exercising its discretion, the court has most carefully weighed and considered all the circumstances, and finds that it would be manifestly unjust to try this case anywhere than in New York, without both Talbot and Paley as codefendants.
The motions of Talbot and Paley are denied. Since the defendant has attached, as exhibits, all the insurance contracts, including the one in effect on the day of the accident, the cross motion for the discovery thereof is likewise denied.