**SEAFOOD IMPORTS, INC.,**
Plaintiff,

v.

**A. J. CUNNINGHAM PACKING CORP.,**
and Foremost Insurance Company, Defendants.

**A. J. CUNNINGHAM PACKING CORP.,**
Third-Party Plaintiff,

v.

**MARITIME REEFER SERVICE (A PANAMANIAN CORPORATION),**
Third-Party Defendant.

**No. 74 Civ. 4106.**

United States District Court,
S. D. New York.

Dec. 12, 1975.

McHugh, Heckman, Smith & Leonard, New York City, for plaintiff.

Lester, Schwab, Katz & Dwyer, New York City, for defendant and third-party plaintiff.

Hill, Rivkins, Carey, Loesberg, & O'Brien, New York City, for third-party defendant; Richard H. Webber, Robert E. Daley, New York City, of counsel.

Kirlin, Campbell & Keating, New York City, for defendant, Foremost Ins. Co.

WHITMAN KNAPP, District Judge.

Once again a federal court is called upon to interpret the ramifications of the jurisdictional doctrine announced in *Seider v. Roth* (1966) 17 N.Y.2d 111, 269 N.Y.S.2d 99, 216 N.E. 2d 312. More specifically, we must determine whether due process permits a non-resident defendant who has involuntarily been made a party to a New York state litigation to assert *quasi in rem* jurisdiction over a foreign corporation in its third-party action for indemnification by means of an *ex-parte* order attaching such corporation's P & I policy in New York. For the reasons set forth below, that question must be answered in the affirmative.

In early 1974, plaintiff Seafood Imports, Inc. ("Seafood")—a New York corporation—purchased a shipment of frozen fish from defendant-third party plaintiff A. J. Cunningham Packing Corp. ("Cunningham"), a Massachusetts corporation. The fish was then shipped from Peru to Puerto Rico aboard the S.S. Sol Reefer, a ship owned by third-party defendant Maritime Reefer Service ("Reefer")—a Panamanian corporation. The ocean voyage was allegedly insured by Foremost Insurance Co. ("Foremost")—a Michigan corporation —with whom Cunningham had a floating policy of marine insurance. Unfortunately for the parties, the fish arrived in a damaged condition, giving rise to the instant lawsuit. Seafood has sued Cunningham—from whom it bought the fish—for breach of contract, breach of warranty, fraud and negligence, and Foremost—Cunningham's insurer—for breach of the marine insurance contract.

Defendant Cunningham, having thus been hailed before a New York court, then commenced a third-party action against Reefer—the shipowner—for indemnity, claiming that the damage was due to Reefer's breach of the contract of carriage. Since Reefer is a foreign corporation, not licensed to do business in New York and not otherwise present for jurisdictional purposes, Cunningham sought to assert *quasi in rem* jurisdiction over it by means of attaching Reefer's New York P & I insurance policy, issued by a New York corporation, the Argonaut Insurance Company.

Reefer now seeks to vacate the attachment and to obtain an order dismissing the third-party complaint for lack of jurisdiction on the grounds that (1) a *Seider* attachment is never available to non-New York residents and, in any event, (2) the *ex parte* nature of the order of attachment violated due process. Alternatively, it seeks severance of the third-party action and transfer thereof for the convenience of the parties and witnesses—pursuant to 28 U.S.C. § 1404(a)—to either Florida or Puerto Rico. Both motions are denied.

Addressing ourselves to the jurisdictional issue, we must recognize at the outset that Reefer does not contend that New York CPLR §§ 5201 and 6202 do not by their terms authorize this attachment. Any such contention would have been conclusively answered by *Seider v. Roth, supra*. What Reefer does contend is that due process considerations prohibit such an attachment being used by a non-resident of New York, a question which was not even considered in *Seider*.

The first consideration by the New York Court of Appeals of possible constitutional limitations upon the *Seider* doctrine occurred in *Simpson v. Loehman* (1967) 21 N.Y.2d 305, 287 N.Y.S.2d 633, 234 N.E.2d 669, *mot. for rearg. den.*, 21 N.Y.2d 990, 290 N.Y.S.2d 914, 238 N.E.2d 319 (1968), where the defendant moved to vacate a *Seider*-type attachment in favor of a resident plaintiff on the ground that it offended against due process. In denying the motion and sustaining the attachment, the Court noted that the presence of the debt (i. e., the policy obligation of the insurance company to the defendant) in New York, together with the fact that the New York insurer would most likely control the litigation, that plaintiff was a resident of New York,

and that the insurer was subject to regulation in New York provided a sufficient "nexus" with New York and served to demonstrate that New York had "a substantial and continuing relation with the controversy". 287 N.Y.S.2d at 637, 234 N.E.2d at 672. In order to satisfy requisites of due process, therefore, a court must find that the forum state has "a substantial and continuing relation to the controversy". The three factors emphasized by the *Simpson* court—residency of the plaintiff, regulation by state of the insurer and control of the litigation by said insurer—were, in the court's mind sufficient to satisfy this test. The only one of these factors not present in the instant case is, of course, that of residency.

Cases following *Seider* and *Simpson* are unanimous in agreeing that—in the absence of any special circumstances—New York residency of the party in whose favor attachment is sought is "a crucial consideration". *Farrell v. Piedmont Aviation, Inc.* (2d Cir. 1969) 411 F.2d 812, 816; *Minichiello v. Rosenberg* (2d Cir. 1968) 410 F.2d 106, 110; *Vaage v. Lewis* (2d Dept. 1968) 29 A.D. 2d 315, 288 N.Y.S.2d 521, 523–4; *McHugh v. Paley* (Sup.Ct., N.Y.Co., 1970) 63 Misc.2d 1092, 314 N.Y.S.2d 208, 212. Special circumstances that have been found sufficient in the absence of a resident plaintiff include cases where a non-resident plaintiff was injured within the state of New York (see *Minichiello v. Rosenberg, supra,* at 110) and where "logic, reason, and the human equation" require that jurisdiction be sustained. (See *McHugh v. Paley, supra*). The key, as noted by the Sec-

ond Circuit in *Farrell,* is that New York must have "meaningful contact" with the claim. 411 F.2d 812, 817. Residency in or injury within New York have been found to provide such a contact. The question we must now decide is whether the peculiar [1] situation in the instant case merits a similar finding.

The crux of the present situation is that the attachment is sought by a "foreigner" who has been unwillingly hailed before a New York court and contends that he cannot get justice in that court without the aid of such attachment.[2] Granting—as we must—that New York has sufficient governmental interest in the welfare of persons who happen to reside within its borders, can it realistically be said that it has a lesser interest in insuring that justice be done to "foreigners" who are hailed before its courts? We think that the question answers itself, and therefore conclude that a sufficient nexus has been established within the reasoning of *Farrell v. Piedmont Aviation, Inc., supra; Simpson v. Loehman, supra.*

We therefore conclude that assertion of *quasi in rem* jurisdiction over Reefer in favor of Cunningham, a non-resident defendant—third-party plaintiff, does not offend the due process clause. Reefer's motion to vacate the attachment is, therefore, denied.[3]

Alternatively, Reefer seeks transfer of third-party claim to the District Court in Florida or Puerto Rico "for the convenience of [the] parties and witnesses [and], in the interest of justice", pursuant to the transfer of venue

1. Counsel has not cited nor has our own research revealed any case directly on point, wherein a non-resident *defendant* sought to avail itself of a *Seider* attachment of a foreign corporation's New York insurance policy.

2. In order to defend itself against plaintiff's claims against it, defendant Cunningham insists it must implead Reefer.

3. Reefer's alternative ground for vacatur of the attachment—that the *ex parte* nature of

the order directing the attachment violates due process—is (at least for us) foreclosed by our decision in *Stanton v. Manufacturers Hanover Trust Co.* (S.D.N.Y.1975), 388 F. Supp. 1171 and footnote 5 in *Sugar v. Curtis Circulation Co.* (S.D.N.Y.1974) 383 F.Supp. 643, 646–7, *app. pending,* 421 U.S. 908, 95 S.Ct. 1556, 43 L.Ed.2d 773; 422 U.S. 1039, 95 S.Ct. 2653, 45 L.Ed.2d 691.

**8**

provisions of 28 U.S.C. § 1404(a). This it cannot achieve, for the venue statutes do not apply to third-party claims (or counterclaims and cross-claims). Rather, they are concerned solely with the institution of the original action. Moore's *Federal Practice*, Vol. 1, ¶ 0.-140[6], p. 1331. Even where new parties are brought in by impleader, independent venue need not be met since "impleader is regarded as ancillary to the pending suit." *Id.*, at 1332. The weight of authority supports our conclusion that a third-party defendant has no standing to object to venue. Moore's *Federal Practice*, Vol. 3, ¶ 14.28[2], at 14-614 (and cases cited therein, at n. 4.)

Reefer's motion for a transfer of venue under 28 U.S.C. § 1404(a) is, accordingly, denied.

So ordered.