Lya SUGARMAN, Individually, and Lya Sugarman, as Administratrix of the Goods, Chattels and Credits of Leon Sugarman, Deceased, Plaintiff,

v.

Barbara HYATT and Johnnie Hyatt, Defendants.

No. 76 C 1448.

United States District Court, E. D. New York.

April 14, 1977.

---

Kantor & Serota, New York City, by Sanford S. Kantor, New York City, for plaintiff.

John M. Downing, New York City, for defendants.

## MEMORANDUM AND ORDER

NEAHER, District Judge.

This personal injury and wrongful death action is before the court on defendants' motion to dismiss the complaint for lack of *in personam* or *quasi in rem* jurisdiction. In opposing the motion, plaintiff asserts that the court has *quasi in rem* jurisdiction under an order of attachment issued pursuant to *Seider v. Roth*, 17 N.Y.2d 111, 269 N.Y.S.2d 99, 216 N.E.2d 312 (1966). Subject matter jurisdiction is predicated on diversity of citizenship.

On August 30, 1975 plaintiff Lya Sugarman and the decedent, Leon Sugarman, citizens of New York, were walking along a road in New Jersey when they were struck by a vehicle operated by defendant Johnnie Hyatt and owned by defendant Barbara Hyatt, citizens of New Jersey. As a result

Lya Sugarman was severely injured and Leon Sugarman was killed. Lya Sugarman, individually and as administratrix of Leon Sugarman's estate, filed this complaint on August 5, 1976, and an order of attachment against defendants' liability insurance policy was issued on August 9, 1976. Service of the order of attachment was made on August 17, 1976 on Larry Press, Inc., which plaintiff alleges is an authorized representative of defendants' insurer, New Jersey Manufacturers Insurance Company ("Manufacturers"). On August 31, 1976, the order of attachment was also served on the New York State Superintendent of Insurance, who forwarded it to Manufacturers on September 7, 1976. Defendants were served with the summons, complaint and order of attachment on September 20, 1976.

In support of their motion to dismiss, defendants submitted an affidavit from the assistant secretary and attorney for Manufacturers stating that his company has no office in New York, has no agent to accept service of process in New York, and does no business in New York. Challenging the last allegation, plaintiff provided the court with copies of records submitted by Manufacturers to the New York State Department of Insurance showing that for the years 1972–75 Manufacturers wrote between $49,053.99 and $92,126.00 per year in direct premiums in New York. Plaintiff also alleges that Manufacturers has been authorized by the Department of Insurance to do business in New York since 1944.

In an effort to "correct the record," defendants submitted an affidavit from the secretary of Manufacturers admitting that it is authorized to do business in New York but explaining:

> "Except by way of accommodation to certain of its insureds who may have business interests within New York State as well as within the State of New Jersey, the Company does not seek to market insurance business in the State of New York. The minimal premium volume of insurance New Jersey Manufacturers Insurance Company writes in the State of

New York is written principally by way of accommodation to such of those insureds."

In *Seider v. Roth, supra,* the New York Court of Appeals held that, in a personal injury action against a nonresident defendant, the contractual obligation of the defendant's liability insurer to defend and indemnify him is a debt owing to defendant and thus is subject to attachment under N.Y. CPLR § 6202. This holding was reaffirmed in *Simpson v. Loehmann,* 21 N.Y.2d 305, 287 N.Y.S.2d 633, 234 N.E.2d 669 (1967), *reargument denied,* 21 N.Y.2d 990, 290 N.Y.S.2d 914, 238 N.E.2d 319 (1968), and accepted by the Second Circuit Court of Appeals in *Minichiello v. Rosenberg,* 410 F.2d 106 (2 Cir.), *cert. denied,* 396 U.S. 844, 90 S.Ct. 69, 24 L.Ed.2d 94 (1969).

In writing for the majority in the original panel which considered *Minichiello,* Judge Friendly stated that "it is reasonably clear that the Court of Appeals regards *Seider v. Roth* as in effect a judicially created direct action statute." *Id.* at 109. It follows, therefore, that the legal propriety of an attachment of an insurer's obligation to indemnify turns on the question of whether jurisdiction exists over the insurer. See *Beja v. Jahangiri,* 453 F.2d 959, 961 (2 Cir. 1972).

In order to determine whether the insurer is subject to suit within the State, New York courts apply a "doing business" test. *Seider v. Roth, supra,* 17 N.Y.2d at 111, 269 N.Y.S.2d at 100, 216 N.E.2d at 313; *Beja v. Jahangiri, supra,* 453 F.2d at 961. "The test for 'doing business' is and should be a simple pragmatic one." *Bryant v. Finnish National Airline,* 15 N.Y.2d 426, 432, 260 N.Y.S.2d 625, 629, 208 N.E.2d 439, 441 (1965). As Judge Cardozo expressed it: "All that is requisite is that enough be done to enable us to say that the corporation is here." *Tauza v. Susquehana Coal Co.,* 220 N.Y. 259, 268, 115 N.E. 915, 918 (1917).

In *Beja v. Jahangiri, supra,* the facts were similar to those in the present case. The insurer of the nonresident defendant had been licensed in New York since 1951

and did a relatively small amount of business in New York. In 1969, the only year for which figures were provided, the insurer wrote about $15,000 worth of insurance in the State. It operated primarily through an independent agent, and it maintained an office in New York. On these facts, the Second Circuit held that the insurer was doing business in New York and thus jurisdiction could be acquired over it.

■ The present case falls within the scope of the ruling in *Beja*. That Manufacturers has a license to transact insurance business in New York is strong evidence that it is subject to *in personam* jurisdiction. *Beja, supra,* 453 F.2d at 962. That it obtained the license in 1944 and that it has maintained a not insignificant business in New York also supports a finding that Manufacturers has been present in New York "with a fair measure of permanence and continuity." *Tauza v. Susquehana Coal Co., supra,* 220 N.Y. at 267, 115 N.E. at 917.

The only element present in *Beja* that is missing here is an office of the insurer in the State. Were we writing on a clean slate, it would seem that for *quasi in rem* jurisdiction to attach, the insurer's "presence" in New York must include an office in the State. Only then could the debt in *Seider*-type cases be said to be found within the State and thus be subject to attachment.

The many cases which have followed *Seider*, however, have never made an office a prerequisite. The crucial question has been simply whether the insurer is doing business in New York. Judge Breitel, concurring in *Simpson v. Loehmann, supra,* 21 N.Y.2d at 316, 287 N.Y.S.2d at 641, 234 N.E.2d at 675, correctly foresaw the scope of *Seider*: "[I]t will be the rare plaintiff who cannot invoke the jurisdiction of New York courts, . . . since it will be a very small insurance company that does not have a palpable contact with [the] State." On the facts of this case, the court finds that Manufacturers is "present" by virtue of doing business in New York and thus its obligation to indemnify defendant is subject to attachment.

■ An important issue remains. CPLR § 6214(a) states that the sheriff shall levy upon a debt owed to defendant

"by serving a copy of the order of attachment upon the garnishee . . . in the same manner as a summons except that such service shall not be made by delivery of a copy to a person authorized to receive service of summons solely by a designation filed pursuant to a provision of law other than rule 318."

CPLR § 318 provides that a corporation may designate a person as its agent for service by filing the written designation with the clerk of the county in which the corporation resides.

In the present action, plaintiff attempted to meet the requirements of CPLR § 6214(a) by effecting service of the order of attachment on Larry Press, Inc. and the New York State Superintendent of Insurance. According to plaintiff, Larry Press, Inc. is an "authorized representative" of Manufacturers in New York. The insurer does not deny this allegation, but rather states simply that it does not have an agent to accept service of process in New York. Presumably the insurer means that it has not designated such an agent under CPLR § 318, since it clearly has designated the Superintendent of Insurance as its agent for service pursuant to New York Insurance Law § 59.

In *Beja, supra,* service of the order of attachment on the insurer's independent agent in New York was deemed sufficient to attach the insurer's obligation to indemnify the defendant. In the present action, therefore, service on Larry Press, Inc. satisfies CPLR § 6214(a).

Service of an order of attachment on the Superintendent of Insurance has been held inadequate under CPLR § 6214(a) because the Superintendent is not designated under CPLR § 318 as the insurer's agent to accept service of process. *Saggese v. Peare,* 33 A.D.2d 900, 307 N.Y.S.2d 118 (1st Dept. 1970); *Beja, supra. Saggese,* however, appears to leave open the question of the propriety of such service in a case involving

an insurer which does business in New York. 33 A.D.2d at 901, 307 N.Y.S.2d at 120. Prof. David Siegel in his 1969 Practice Commentary to CPLR § 5201 suggests that, in the unlikely event that an insurer has no office in New York but does business here, it might be necessary to effect the levy by serving the order of attachment on the Superintendent of Insurance. McKinney's Consolidated Laws of New York, CPLR § 5201, Practice Commentary at 38 (1969). Therefore, in this unusual case, service of the order on the Superintendent would also be valid even if the service on Larry Press, Inc. was not proper.

Accordingly, defendants' motion to dismiss for lack of *quasi in rem* jurisdiction is denied.

SO ORDERED.