OPINION OF THE COURT
Martin B. Stecher, J.
This is a motion by one defendant, Grand Resorts, Inc. (Grand), to dismiss the cross claims of other defendants, Farber and Farrar, pleaded against Grand. The issue here is the still troublesome question of how "general” is an appearance (CPLR 314, subd 2; 320, subds [b], [c]).
The action-in-chief is in interpleader brought by Manufac *1002 turers Hanover Trust Company (Manufacturers) to determine the rights among the defendants to the proceeds of official checks issued by that bank. Bessie Farber, it appears, had Manufacturers issue four official checks aggregating $12,000 to the order of Stan Farrar for which Farber’s account was charged by Manufacturers. Farrar went to Las Vegas with the checks and returned without them. In due course, two of the checks were presented to Manufacturers for payment by Grand’s depository in Nevada and the other two checks were presented for payment by Aladdin Hotel Corp. of Las Vegas (Aladdin) through its Nevada depository. Farber and Farrar, however, prior to presentment, had notified Manufacturers that they claimed the proceeds of these checks and secured Manufacturers against loss by providing a surety’s undertaking. Manufacturers, now faced with conflicting claims, commenced this action against all claimants and the surety (CPLR 1006).
Grand, by its New York attorney, interposed an answer expressly denying that it was licensed to do business in New York or had offices at a New York address set forth in the complaint. It "counterclaimed” for $6,000, the face amount of the two checks which it presented to Manufacturers for payment. Farber and Farrar, in their answer to the complaint, cross-claimed against Grand and Aladdin alleging that Grand and Aladdin had imprisoned Farrar, "removed and converted from the possession” of Farrar the said four checks, and forged Farrar’s indorsement on them.
In addition to requesting a declaration by the court that Farber and Farrar are entitled to the proceeds of the checks, Farrar, on each of his cross claims against Grand and Aladdin, seeks damages and punitive damages. It is these latter cross claims which Grand seeks to dismiss.
An issue is raised in the papers as to Grand’s presence in New York, or, more appropriately, its continuing amenability to service of process in New York. The outcome of the motion will turn on that issue.
It is asserted by Grand’s attorney, and not denied, that "Daniel Davis, Esq., an attorney for plaintiff [Manufacturers] * * * requested that I accept service of process in plaintiff’s interpleader action on behalf of defendant Grand in lieu of requiring service without the State under CPLR § 314(2). I agreed to accept such service on behalf of defendant Grand.” *1003 Subsequently, he "received a copy of plaintiff’s summons and complaint by hand delivery.”
It was the intention of the draftsmen of the Civil Practice Law and Rules that the "special appearance” previously available under the Civil Practice Act be abolished. They mandated (CPLR 320, subd [b]) that " 'an appearance of the defendant is equivalent to personal service of the summons upon him, unless an objection to jurisdiction under paragraph eight of subdivision (a) of Rule [3211] is asserted at the time of appearance by motion or in the answer’ ” (1 Weinstein-Korn-Miller, NY Civ Prac, par 320.09; emphasis in original). Although by subsequent amendment the words "at the time of appearance” were deleted it appeared to be the intention of the rule that any appearance be general and submit the defendant to the court’s jurisdiction unless a motion is made to dismiss for lack of jurisdiction or, alternatively, the answer contains a challenge to the court’s jurisdiction (CPLR 320, subd [b]).
It was recognized (CPLR 314, 320) that questions of fairness would be encountered on service without the State in actions in rem, quasi in rem or other actions including interpleader (CPLR 314, subd 2) affecting title to property, real or personal, situated in New York. However, except as hereafter noted, no statutory provision was made for a limited appearance not affording general jurisdiction where a nonresident, whose interest in property is sought to be cut off, defends that interest. In the words of one commentator (McLaughlin, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C320:6, p 373), "It was the original intent of the draftsman in CPLR 320(c) to eliminate [the limited appearance to defend property], and to force the defendant either to let the attached property go by default or to appear generally in the action and risk an in personam judgment.”
The matter was brought to a head by the application of quasi in rem principles to attachment of the "debt” represented by an insurance policy as a predicate for jurisdiction in personal injury actions (Seider v Roth, 17 NY2d 111; Simpson v Loehmann, 21 NY2d 305). The dilemma of the defending insurance companies was resolved in Simpson (supra, p 310) where the court said, "[i]t is, of course, hardly necessary to add that neither the Seider decision nor the present one purports to expand the basis for in personam jurisdiction in view of the fact that the recovery is necessarily limited to the value of the asset attached, that is, the liability insurance *1004 policy.” The same court, thereafter, interpreted the foregoing language to mean "that there may not be any recovery against the defendant in this sort of case in an amount greater than the face value of such insurance policy even though he proceeds with the defense on the merits” (Simpson v Loehmann, 21 NY2d 990, 991). In 1969, the Judicial Conference codified this holding (CPLR 320, subd [c]) by excluding from the court’s general jurisdiction an appearance entered where "jurisdiction is based solely upon a levy on defendant’s property within the state pursuant to an order of attachment”.
Grand’s checks are before the court but not "pursuant to an order of attachment;” and as it has not objected "to jurisdiction under paragraphs eight or nine of subdivision (a) of rule 3211 * * * by motion or in the answer” (CPLR 320, subd [c], par 2), it is dubious that Grand’s appearance is "limited” under CPLR 320.
Text writers (1 Weinstein-Korn-Miller, NY Civ Prac, par 320.10; McLaughlin Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR, C320:6, p 377) suggest that an appearance by a nonresident defendant in defense of his property should not submit him to the court’s jurisdiction on later asserted claims unrelated to the complaint which the nonresident answered. I am in accord with this view.[1] There is no reason to distinguish, in principle, property interests seized pursuant to orders of attachment (Seider v Roth, supra; Simpson v Loehmann, supra) from property interests held in suspense by interpleader actions (cf. Allstate Ins. Co. v McNeill, 382 F2d 84). The rationale of Simpson v Loehmann (21 NY2d 305, 310, supra; 21 NY2d 990, 991, supra) is as applicable to one as to the other. In each case, the only property before the court is the interest in a contract or a chose-in-action; and the response of the defendant in each case is to defend that property right. Grand’s "counterclaim” in the interpleader *1005 action is nothing but an assertion of a property right in the checks.
Although no case directly in point has come to my attention, it has been recognized that a nonresident defendant is not subject to the liberal amendment of the complaint rules (CPLR 3025) which normally apply. In Everitt v Everitt (4 NY2d 13, 16) it was said, "It may well be that if an action has been commenced against a nonresident by the service of a summons and complaint, the complaint cannot be amended by adding new causes of action after the defendant has left the State (Pennoyer v. Neff, 99 U.S. 714; Chapman v. Chapman, 284 App. Div. 504; Restatement, Judgments, § 5, comment g).”
In Patrician Plastic Corp. v Bernadel Realty Corp. (25 NY2d 599, 607-608) where at issue was which appearing parties were required to be served with supplemental process, the court said, "Where the party defendant is already in the action there is no need, generally, to lay a basis for personal jurisdiction anew or to give any notice other than that which is obtained through the proceedings brought to add the new claim whether on behalf of a new party or not. Thus, the practice statutes before CPLR were unequivocal in requiring the service of such original process only on newly added defendants, and CPLR refers to service only on, and not by, the newly added party. A caveat, of course, must be noted. It was observed that there was no general need for service of original process on the addition of parties plaintiff who are willing or anxious to be joined. There may be special circumstances, however, such as in an action pending against a nonresident in which it is sought to add a new claim, when it may be necessary to acquire personal jurisdiction anew over the defendant (cf. Everitt v. Everitt, 4 N Y 2d 13; see, e.g., Restatement, Judgments, §5, Comment h).” Certainly, after nonresident Grand’s appearance, Manufacturers would not have been permitted to add causes of action seeking new and different relief; for the nonresident defendant’s appearance was limited to the causes of action revealed. Such a defendant had the option to appear or not appear in response to the interpleader action and its appearance was limited to that action. If not amenable to new process, it was not amenable to new actions or causes of action. That the new causes of action are sought to be interposed by a party other than the plaintiff *1006 does not limit a nonresident’s immunity to new causes of action.[2]
It is thus clear that if the moving party, Grand, at the time of the commencement of this action was and continues to be a nonresident who is not presently amenable to service in the State of New York, that the motion must be granted and those counterclaims seeking damages other than the proceeds of the checks must be stricken.[3]
It is not clear, however, that Grand is not subject to the processes of this court. From the papers, it is apparent that the defendant Grand Resorts, Inc., and a nonparty corporation, Grand Reservations Services, Inc., are affiliated corporations both being wholly-owned subsidiaries of MGM-Grand Hotel, Inc. Grand Reservations Services, like Grand Resorts, Inc., is a Nevada corporation but, apparently, unlike Grand Resorts, Inc., Grand Reservations Services is licensed to do business in New York and maintains an office in the City of New York. By the concession of the attorney for Grand Resorts, Inc., it appears that Grand Reservations Service, Inc., "arranges junkets to Las Vegas, Nevada.” It is not clear if these so-called "junkets” are arranged on behalf of the defendant Grand Resorts, Inc. or if Grand Reservations, Inc., in other ways is an agent for or acts for the defendant Grand Resorts, Inc., in the State of New York (cf. Parke-Bernet Galleries v Franklyn, 26 NY2d 13; ABKCO Inds. v Lennon, 52 AD2d 435).
Accordingly, the matter is referred to Trial Term Part 7 for assignment to hear and make recommendations or to hear and determine, as the case may be, the issue of whether or not Grand Resorts, Inc., was, at the time of the commencement of the action or at the time Farber’s and Farrar’s cross claims were interposed, amenable to service in the State of New *1007 York. The motion shall await the outcome of the Part 7 hearing. Counsel are directed to file a conformed copy of this order with the Office of the Referees, Room 308-M, 60 Centre Street, New York City, within five days after publication hereof for the purpose of obtaining a calendar date.

. The conclusion is consistent with the recommendation of the Law Revision Commission to the 1979 Legislature which observed in discussing CPLR 320 (subd [c]) (limited appearance) that "[t]here would be a good deal of profit * * * in amending these paragraphs for clarification and to confine the personal jurisdiction gained by an appearance in the non-attachment and matrimonial cases to the transaction or occurrence sued upon. The doubt attending the question whether an appearance in a property interest or matrimonial action opens the defendant to such jurisdiction with regard to all actions that might lie against him in New York, even though they would not possess a separate basis for personal jurisdiction, ought to be decided in favor of the defendant.”

. Plaintiff in support of this proposition cites Matter of Einstoss (26 NY2d 181). Grand’s acts are distinguishable from Einstoss. Einstoss, in a mortgage foreclosure proceeding in Alaska merely presented a notice of appearance without a demand for relief. Our Court of Appeals held, at page 187, that "where a [nonresident] party appears but takes no further action in a case, a court’s jurisdiction does not go beyond the general subject matter of the suit in which he appeared.” It held that the Alaska court lacked jurisdiction to enter a judgment on the defendant Territory’s cross claim for taxes.

. Although the issue has not been raised, the facts of the cross claims bear a resemblance to the facts in Silver v Great Amer. Ins. Co. (29 NY2d 356). Whether or not, however, this is an appropriate action for forum non conveniens treatment should await the outcome of the jurisdictional hearing.